No. 2394
Second Circuit Appeal

---

E. A. GOREE v. ATLANTIC OIL PRODUCING COMPANY

---

(June 27, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Master and Servant—
    Par. 160 (j).
The. burden of proof is on the plaintiff, an injured employee suing under the Workmen's Compensation Law, Act No. 20 of 1914, to show that the accident happened in the course of, and arising out of his employment.

2.  Louisiana Digest—Master and Servant—
    Par. 160 (j), 160 (l).
Where the trial judge erroneously held that the injured employee suing under the Workmen's Compensation Law, Act No. 20 of 1914, had not discharged the burden of proof that the accident occurred in the course of, and arising out of, his employment the appellate court will reverse the decision.

ON APPLICATION FOR REHEARING.

3.  Louisiana Digest—Master and Servant—
    Par. 160 (e), 160 (i), 160 (l).
Under Section 18, Subsection 4 of the Workmen's Compensation Law, Act No. 20 of 1914, if the court believes that further testimony as to the extent of plaintiff's injury and also plaintiff's condition since the trial will be in the interest of justice and equity it will remand the case for a new trial.
    (For reference, Section 8, Subsection 1 (b), of Act 20 of 1914.)

Appeal from First Judicial District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit by an injured employee for compensation under the Workmen's Compensation Law, Act No. 20 of 1914.

There was judgment for defendant and plaintiff appealed.

Judgment reversed. On application of rehearing case remanded for a new trial.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

J. G. Palmer, of Shreveport, attorney for defendant, appellee.

REYNOLDS, J. Plaintiff in this case sues to recover judgment for $7200 payable in 400 weekly installments of $18 each for a strain in his body, and the nerves, ligaments, muscles and vitals in and about his back, alleged to have been received by him on the 16th day of August, 1923, while he was doing work and labor in the course of his employment with defendant.

And in a supplemental petition filed on December 2, 1924, he claims that on May 15, 1924, he was further strained and injured in and about the area of his back wherein he was originally injured on the 16th day of August, 1923.

Defendant denied liability on the ground that plaintiff's condition was in no wise caused by any injury suffered by him while in the course of his employment by it.

On these issues the case was tried and there was judgment in favor of defendant and plaintiff has appealed.

OPINION

Plaintiff sues defendant for compensation for a strain he says he suffered on August 16, 1923.

He did not "lay off" for the balance of the day on which he says he suffered the strain but stuck around and drew full wages for the entire day.

On October 10, 1923, he returned to work for defendant at the same wages, without having made any claim on it for compensation for the injuries alleged to have been suffered on August 16, 1924, and continued to work for defendant at the same wages until about May 15, 1924, on which date he claims to have suffered a second strain while he was working with one Shorty Byers. He did not call Shorty Byers as a witness, but relies entirely on his own testimony to prove the circumstances under which he sustained the alleged strain.

Plaintiff testified, page 13:

"Q. Now who was present when this alleged second injury took place, at the time?
"A. Shorty Byers, the truck driver.
"Q. Where is he now?
"A. I don't know where he is.
"Q. Have you seen him lately?
"A. I haven't seen him in a good while.
"Q. Have you seen—have you made any effort to see him?
"A. No, sir.

"Q. You made no effort to secure his testimony at this trial?
"A. No, sir."

Plaintiff did not complain to Mr. Elliott, the foreman of defendant under whom he was working at the time of the alleged injury. Plaintiff testifies that he did, but Elliott swears that he did not. We accept Elliott's denial as true. It impresses us as being perfectly frank and free from any effort or desire to suppress any facts within his knowledge. Plaintiff's statement that he complained to Elliott is unsupported.

Plaintiff rests his entire case upon his own testimony and his evidence is at variance and in direct conflict with the testimony of Doctors Kerlin and Crain, two physicians of Shreveport of high standing and unquestionable reputation for truth and ability. Accepting the testimony of these doctors as worthy of belief, we conclude that plaintiff is entirely mistaken as to the cause of his alleged present condition. The testimony of both Doctor Kerlin and Docton Crain has in it the ring of truth and convinces us that they are frank and fair and qualified to speak as medical experts. Each of these doctors gives it as his unqualified opinion that plaintiff is suffering from local infection—probably bad teeth or bad gums.

Doctor E. L. Sanderson was introduced as a witness by plaintiff, but his testimony is based entirely upon the history of plaintiff's case as given to him by the plaintiff on the day of trial, and these representations were not in accordance with the history of plaintiff's case that plaintiff gave to Doctor Kerlin at the Charity Hospital at a time unsuspicious.

The Workmen's Compensation Act was passed in the interest of Workmen injured in the course of their employment, but the burden of proof is on the complaining workman to adduce evidence that makes it

at least probable that the injury he received in the course of his employment has some connection with the ailments he complains of.

The District Judge, who heard the witnesses and observed their manner of testifying, did not think the plaintiff had discharged the burden of proof resting on him as to the cause of the disability at the time of the accident.

As to the time lost by plaintiff immediately after he received the first strain in his back, August 16, 1923, he testified, page 2:

"Q.  Strained your back?
"A.  Yes, sir, very badly, too.
"Q.  What did you do for it?
"A.  I did not do anything the balance of the day.  I went in and told the gang-pusher I was hurt and wanted to go home and he said, 'No, you stick around and make the rest of the day,' and that evening I went home and come out the next morning.  He said, 'You come out the next morning and you won't do much, you can keep up with the tools.'  So I went out about nine o'clock.  I told him I had to go to a doctor, and he said, 'Go in and make out the accident report and go to the doctor.'  So, I did, went to Dr. J D. Baucum.
"Q.  You went back to work then after that?
"A.  Yes, sir, seven weeks afterwards, on the 10th of October.
"Q.  On the 10th of October?
"A.  Yes, sir.
"Q.  Now, you laid off several weeks, did they pay you your compensation for that several weeks?
"A.  They didn't pay me anything."

Plaintiff testified on cross-examination that he was not claiming anything for this lost time because he went to work afterwards, but as we understand his testimony he was only giving his interpretation of his rights under the law.  We do not think it was his intention to waive any of his rights to claim compensation for this lost period of time.

This testimony of plaintiff's is corroborated by the report of Mr. S. E. Elliott of the accident filed in the record.

Under this testimony we think the plaintiff is entitled to judgment for $18 per week for seven weeks from August 22, 1923, with five per cent per annum interest on each payment from the time it became due.

For these reasons it is ordered, adjudged and decreed that the judgment of the lower court be reversed, and it is now ordered, adjudged and decreed that E. A. Goree do have and recover judgment against Atlantic Oil Producing Company for one hundred and twenty-six dollars, payable in seven weekly installments of $18.00 each, beginning August 22, 1923, with interest at the rate of five per cent per annum on each installment from the time it became due until paid, and all costs in both courts.

---

ON APPLICATION FOR REHEARING

CARVER, J.  We have re-examined the record in this case and are not satisfied to pronounce final judgment in its present condition.  Neither the doctor who first treated plaintiff after his first alleged accident nor the doctors who treated him in Hot Springs nor Shorty Byers who, he says, was with him at the time of the second alleged accident, testified in the case.

Doctor Kerlin stated that he had a record at the Charity Hospital of the history given by plaintiff and would look it up. It was not produced, though.

Plaintiff testified that he had told the doctors at the Charity Hospital of the two alleged accidents.  Doctor Kerlin, though not very positive, testified he did not think plaintiff had mentioned the injuries.

This Charity Hospital record, the testimony of Shorty Byers and that of the other

doctors who treated plaintiff will probably shed a good deal of light on the question, namely, the cause of plaintiff's disability.

It is likely, too, that the progress of plaintiff's ailment since the last trial will materially assist the court in arriving at a proper determination of that question.

Ordinarily a rehearing would have to be granted and a new trial ordered on such rehearing. We think, though, that Subsection 4 of Section 18 of the Workmen's Compensation Law, being Act No. 20 of 1914, warrants us in ordering the new trial without previously rehearing the case in this court. That subsection reads in part as follows:

"The judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily and simply as may be."

It is accordingly decreed that the judgment originally rendered herein and the judgment of the District Court be set aside, and that the case be remanded for a new trial in the District Court.