## DE GRUY v. CIRE & DELHOMER

---

(May 10, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 52, 342.**

To recover, a plaintiff must make his claim certain. Where his evidence is negatived by that of defendant and surrounding circumstances of the case raise presumptions against him his claim will be denied.

Appeal from Civil District Court, Parish of Orleans, Division "F". Hon. Percy Saint, Judge.

Action by Raoul De Gruy against Cire & Delhomer.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Legier & Gleason and D. V. Doussan, of New Orleans, attorneys for plaintiff, appellant.

L. W. Cockfield, of New Orleans, attorney for defendant, appellee.

BELL, J. A commercial partnership, composed of Edward Wunderlich and Raoul V. De Gruy, both of the city of New Orleans, owned and operated a chain of retail drug stores, known as Bijou Phar-

macies Nos. 1, 2, 3, 4 and 5. On March 2, 1920, this copartnership sold by notarial act one of its drug stores, designated as "Bijou No. 5", to defendants, members of a commercial partnership consisting of Elmore Cire and Charles Delhomer.

On April 23, 1921, more than a year after defendants purchased Store No. 5, the copartnership of Wunderlich & DeGruy having been dissolved, Wunderlich transferred to De Gruy, the present plaintiff, all of Wunderlich's interest in Store No. 1. Before the defendants purchased Store No. 5 and before the dissolution of the copartnership of Wunderlich and De Gruy Store No. 1 was the central store, furnishing, from time to time, merchandise and drugs to its several chain drug stores, including Store No. 5.

It is alleged in plaintiff's petition that, during the months of January and February, 1921, Store No. 5 became indebted to Store No. 1, under the system above noted, to the extent of $654.53; that defendants having purchased Store No. 5 and having assumed in the act of sale all of the outstanding obligations of Store No. 5, including the aforesaid indebtedness to Store No. 1, defendants are now obligated to plaintiff as the present and sole owner of Store No. 1 in the amount claimed.

Defendants filed an exception of no cause of action, which, in our opinion, was properly overruled by the trial judge. Answering to the merits defendants admitted the purchase of Store No. 5 and further admitted that they had assumed all of its liabilities as known to them under the written terms of sale by which they acquired Store No. 5. Further answering, they denied that Store No. 5 was indebted in any manner to Store No. 1.

The original judgment in this matter was of non-suit, but on plaintiff's ex parte application for a new trial an order was rendered by the trial judge on February 1, 1923, reading as follows:

"Upon further consideration of this cause, I am of the opinion that my original judgment was contrary to the law and facts. For that reason a new trial is granted and the judgment is set aside.

"There shall be judgment in favor of plaintiff as prayed for and it is so ordered."

On February 6, 1923, upon defendants moving and suggesting to the court that the foregoing order or judgment was irregular, another order was rendered reading as follows:

"Under a special act, both parties have a right to have additional testimony on a new trial; the order denying this right was error and the cause is ordered reopened for further testimony."

On June 19, 1923, after a formal rehearing, but without taking any other additional testimony than that adduced at the first trial, there was judgment for plaintiff in the amount claimed. From this judgment defendants have appealed.

The cause turns upon the correct interpretation to be given the final clause in the act of sale wherein Store No. 5 was conveyed to defendants. The clause in question reads as follows:

"The vendors furthermore transfer to the purchasers all the outstanding accounts due the Bijou Drug Store No. 5 and, in consideration thereof, said purchasers assume all the obligations of the said business and all as fully known to the parties hereto."

In order to ascertain exactly what constituted "all the obligations of the said business", which was assumed by the purchasers and declared in the act of sale to be "fully known to the parties", it is necessary at the outset to consider

the testimony of defendant, Elmore D. Cire, who was the manager of Store No. 5 up to the time of its sale to Cire & Delhomer. This witness testifies that the obligations or bills payable then amounted to $2921.25, all of which have been paid by defendants, and that this amount was known to all parties. He further testifies that the outstanding open accounts, or bills receivable, amount to $2714.89. This evidence is not in any manner rebutted. It is plain from these figures that the bills payable exceeded the open accounts by $206.36, and could not have included the claim now sued upon, but represented merchandise and drugs bought by Store No. 5 from wholesale drug houses and other merchants.

We find from plaintiff's own evidence that none of the goods now sued for were ever actually sold by Store No. 1 to Store No. 5, but were in fact only delivered or consigned to Store No. 5 to be sold for account of Store No. 1, upon a commission basis of 10 per cent, payable to the manager of Store No. 5, on the net profits realized from the entire operation of that store. There is nothing in the record to show that an accounting was demanded or given regarding the goods alleged to have been delivered to Store No. 5. But had all of this been done, the burden of proof was upon plaintiff to establish with certainty that among the obligations assumed by defendants as purchasers of Store No. 5 was the claim now asserted, and which, at best, could only have been a claim for accounting against Cire as manager of Store No. 5. Despite the general rule which excludes, in the absence of mistake or fraud, parol evidence tending to add to or vary the terms of the written contract, we think the trial judge properly admitted testimony tending to explain the last sentence in the above quoted paragraph of the act of sale, to-wit: "All as fully known to the parties hereto". To this end plaintiff was allowed to testify that while no bills for the amount now claimed were ever submitted before the sale, nevertheless, on the day of the sale, in the notary's office, and before signing the act, plaintiff told his then partner, Wunderlich, about defendant's unwillingness to assume the alleged claim and that Wunderlich said: "Either pay us the amount due No. 1 Store or you don't get the store." That defendants, after consulting together, then and there agreed to take the store and to pay the obligations due by it to Store No. 1.

Wunderlich's testimony confirms De Gruy's evidence as above noted.

On the other hand, both defendants in this case swear positively that no such conversation was had between the parties to the act at the time of its execution. Plaintiff failed to call the notary who prepared the act for him or the parties who witnessed its execution. It must be presumed that their evidence would have been prejudicial to his contention. In the absence of a preponderance of evidence that the obligation in question was assumed, plaintiff must be held to have failed in his proof to this effect. Consideration should be given to the fact that no definite demand was ever made nor was any bill ever rendered for the alleged indebtedness, until long after defendants' purchase of Store No. 5. It might also be noted that suit was not entered in this matter until fourteen months after said purchase.

Considering the very doubtful and uncertain proof submitted by the plaintiff and further considering the circumstances surrounding this case, we are forced to the conclusion that the claim now presented was not fully known to the parties

at the time of the sale and was not intended by them to constitute part of the obligation of the business assumed by defendants as the purchasers of Store No. 5.

We are of the opinion that the judgment should have gone for defendants.

It is therefore ordered that the judgment appealed from be reversed and that there now be judgment in favor of defendants, Cire & Delhomer, dismissing plaintiff's suit at his cost in both courts.