No. 2525

Second Circuit

BLANE vs. IGLEHART

(June 30, 1926.   Opinion and Decree.)
(Oct. 4, 1926.   Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Master and Servant —Par. 155, 156, 157.**

An employee engaged in working and superintending the work of others on a residence being erected by the owner not alleged or shown to be engaged in any hazardous trade or business does not come under the protection of the Employers' Liability Act (Act 20 of 1914 and amendments), unless prior to any injury sustained by such employee in the work the employer and employee have voluntarily elected to come under the operation of the Act.

Employers' Liability Act. Section 4, Paragraph 1.

2. **Louisiana Digest—Master and Servant —Par. 154, 157.**

The Employers' Liability Act of Louisiana applies when the employer is engaged in any of the hazardous trades or businesses specified in the Act, but does not apply where the employer is not engaged in any such trade or business unless prior to any injury sustained by an employee the employer and employee have elected to come under the operation of the Act.

Shipp vs. Birdelon, 152 La. 795, 94 South. 399.

3. **Louisiana Digest—Master and Servant —Par. 160 (i), 160 (j).**

Where one insuring an employer under the Workmen's Compensation Act, when sued by an employee, admitted that it was the insurer or the employer, but denied liability to plaintiff, it was not thereby precluded from contending that the employment was not within the act.

Benjamin vs. Standard Accident Ins. Co., 152 La. 874, 94 South. 426.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926.   Editor's note.)

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by W. H. Blane against J. T. Iglehart, et al.

George R. Pilcher, Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellee.

Breazeale & Breazeale and Harry Sellers, of Natchitoches, attorneys for defendants, appellants.

STATEMENT OF THE CASE

REYNOLDS, J.   Plaintiff, W. H. Blane, sued defendant, J. T. Iglehart, for compensation under the Workmen's Compensation Act (Act 20 of 1914 and amendments) for injuries sustained by him while working and superintending the work of others in the erection of a dwelling for defendant Iglehart.

Iglehart denied liability on the ground that plaintiff was not an employee of his but an independent contractor on the work.   He also denied that plaintiff was injured to the extent he alleged.

The General Accident, Fire & Life Assurance Corporation, Limited, voluntarily made itself a party to the suit, and, alleging that it had insured Iglehart against loss under the Employers' Liability Act by reason of accidents growing out of the erection of the dwelling, set up the same defense to plaintiff's claim that Iglehart did.

On the trial of the case there was judgment in favor of plaintiff against both Iglehart and the Assurance Corporation and both of them have appealed.

OPINION

Plaintiff moved in this court to dismiss defendants', appeal.   The motion was not

allowed, and plaintiff in his brief makes no contention that the case is not now properly before the court.

The answers of the defendants do not squarely set forth the defense that they are not bound for the reason that defendant Iglehart was not engaged in any hazardous trade or business within the meaning of the Workmen's Compensation Act, but in their brief in this court they urge that the evidence shows that Iglehart was not engaged in any of the trades or businesses specified in the Act as hazardous, and that he was a merchant, engaged in the sale of dry goods and ready-to-wear articles in the town of Natchitoches, Louisiana; that being desirous of having a home built for himself he contracted with plaintiff to build it for him; that the building of the dwelling was no part of his, Iglehart's, trade, business or occupation nor incidental thereto; that he was not engaged in the business of erecting houses and that, therefore, the relations between him and plaintiff did not come under the operation of the Employers' Liability Act.

We are reluctant to decide a case on an issue not squarely raised by the pleadings, but in order for plaintiff to recover he must establish not only the fact of the accident and the extent of the disability resulting therefrom but also that he was an employee of Iglehart and that the latter was engaged in a hazardous business, trade or occupation within the meaning of the Employers' Liability Act, or that by special agreement before the accident he and Iglehart had elected in writing to come under the operation of the Act.

And while the fact that the relations between plaintiff and Iglehart did not come under the operation of the Workmen's Compensation Act was only brought to our attention in defendants' brief, we are constrained to give effect to the evidence in the record showing this fact.

There is no evidence even tending to show that Iglehart was engaged in a hazardous trade, business or occupation within the meaning of the statute or that by agreement between him and plaintiff before the accident they had elected to, in writing, come under the operations of the Act.

On the contrary, the undisputed evidence shows that plaintiff was engaged in the retail dry goods business and that the building operation in which plaintiff was hurt was Iglehart's only undertaking in that line and was an effort on his part to have a home built for himself.

It is alleged in Paragraph IX of plaintiff's original petition that:

"Your petitioner agreed to be bound with the said Iglehart by the terms and conditions of the Employers' Liability Act, and the Acts of the Legislature later amending said Act."

And, in Paragraph XI thereof:

"That the injury sustained by your petitioner while working for the said Iglehart comes within the provisions of the Employers' Liability Act or Law of Louisiana, and petitioner is entitled to compensation under said law as set forth in Paragraph VII hereof, and has made amicable demand without avail."

These allegations cannot be deemed equivalent to allegations that defendant Iglehart was engaged in a hazardous business, trade or occupation within the meaning of the Workmen's Compensation Act or that by agreement entered into between plaintiff and Iglehart before the accident they had elected to come under the operations of the Act. And even if they could be deemed equivalent there is no evidence

in the record even tending to show either condition.

The business arrangements between plaintiff and Iglehart were governed by a written contract which is in evidence and Article 14 thereof provides that:

"Iglehart will procure at his own expense accident bond to cover the laborers at work, including Blane (the plaintiff)."

It may be that plaintiff is entitled to judgment against the Assurance Corporation on the bond for his injuries; but this is not a suit on the bond nor was the bond itself introduced in evidence.

The defendant, General Accident, Fire & Life Assurance Corporation, Limited, in its answer admits that J. T. Iglehart is insured by it against loss or damage that he might sustain under the Employers' Liability Act in connection with the construction of the dwelling, but as there is no evidence in the record tending to show that Iglehart was engaged in any trade, business or occupation defined as hazardous by the Act, or that he and plaintiff before the accident elected, in writing, to come under the operations of the Act, liability on the part of the Assurance Corporation under the bond has not arisen, and as this is a suit to recover under the Workmen's Compensation Act, the plaintiff's demands must be rejected.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and that plaintiff's demands be rejected and his suit dismissed at his cost, reserving to him, however, whatever rights he may have, if any, to recover from the General Accident, Fire & Life Assurance Corporation, Limited, on the bond given by it to its co-defendant, J. T. Iglehart.