JARROW v. SABRIER

———

(October 18, 1926. Opinion and Decree.)
(November 15, 1926. Rehearing Refused.
(January 4, 1927. Writs of Certiorari and Review denied by Supreme Court.)

———

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 158.**

A workman who is employed with others in a gang by the job to unload staves from a car at 35 cents per ton is no longer in the course of his employer's business after he has unloaded the car and has gone to attend to business of his own.

Appeal from Civil District Court, Hon. Mark M. Boatner, Judge.

Action by Ernest Jarrow against Jules L. Sabrier.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

P. E. Edrington, of New Orleans, attorney for plaintiff, appellant.

Leslie P. Beard, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.    This is a compensation suit. The plaintiff alleged that in March, 1925, he was employed by the defendant to unload staves and lumber from cars on the river front; that this occupation is hazardous and that he is entitled to the benefits of Act 20 of 1914 known as the Employer's Liability Act; that on March 31 about 11 o'clock a. m.

during the course of his employment a switch engine of the Public Belt Railroad ran over him cutting off both of his feet above the ankle by reason of which he is permanently disabled; that he was earning at the time he was injured an average of $25 per week, and that he is entitled to receive from the defendant, his employer, 65 per centum of his weekly wages for a period of 400 weeks.

He prayed for judgment for $5500.

The defendant admitted that plaintiff was in his employ engaged on March 31, 1925, in unloading staves from cars but that the employment terminated at or before twelve o'clock noon that day; he admitted that the occupation was hazardous; he admitted that on that day the plaintiff met with an accident, but denied that said accident happened at the hour alleged in the petition, or that the same occurred during the course of his employment; that when the accident happened plaintiff's employment with defendant had terminated and that said accident did not arise out of or in the course of his employment with defendant and was not in any manner due to, or occasioned through, said employment.

Defendant denied all the other allegations of the petition.

There was judgment in favor of defendant and plaintiff has appealed.

The issue is thus clear cut, and the question is, did the plaintiff get hurt during the course of his employment as contended by him, or was it, as alleged by defendant, after his employment had terminated?

The plaintiff testified that he was employed by defendant with Reily and others by contract to unload staves from cars at the rate of thirty cents a ton; they started at about eight o'clock; he does not know at what time they got through; after he finished unloading the cars, he went to the toilet; and when he came back he ran across the track and was hurt; they get paid at one o'clock for the car they unload; when he returned from the toilet he was going back to work to unload another car; defendant's runner, Joe Mack, and Reiley told him that; Reiley told him not to go too far, to keep near the staves, as they had another car of staves to unload; he worked for the defendant a good while, about three years, about two or three days in the week; he worked before with Reiley.

Reiley Stewart testified that he has been working for the defendant for about thirteen or fifteen years; that he never worked with plaintiff before; that he worked with him and three others the morning that plaintiff got hurt; they unloaded the car and piled up the staves; they worked until ten or twelve o'clock; he went off and left plaintiff and Miller standing up in the car smoking; he told plaintiff not to go too far as they might have another car to unload, although there was none there at that time; he did not see the accident; he learned of it ten minutes after; he went a half a block away to see what time it was, and it was ten minutes after twelve.

The defendant, Sabrier, testified that he is an unloading contractor; he pays every day at one o'clock; every car is placed in the morning and finished up by twelve o'clock and is paid for at one o'clock; if a car is placed in position in the afternoon he pays the men if they are his regular men before the car is finished at half past two; the men are paid 35 cents a ton.

John McNulty has been working for defendant sixteen or seventeen years; the plaintiff has not been working for defend-

ant; he hired him in the morning of his accident to unload that car; the men are paid by the tonnage; the gang is paid to unload the car, $10 or $15, and they divide the money; Reiley was no more than the other members of the gang.

Rufus Miller has been working for the defendant three years; the plaintiff was not working for the defendant; he worked that morning, not before; the accident happened about two rail lengths from the car they had finished unloading; after they got through Jarrow smoked a cigarette and he smoked a pipe, and Jarrow told him he was going to the restaurant to get something to eat; they had no work in sight for the afternoon; they did unload staves that afternoon; they hired a man to fill out the gang.

The defendant testified that he employs Joe McNulty (or Mack) as a sort of foreman; when he gets a car he writes down the weights and contents and turns it over to him; as a rule there is only one car for his men; if there is more than one car, they pick up some other men, four to each car, and they are paid at the rate of 35 cents a ton, and they divide that among themselves; they are paid immediately after the car is through; he did not tell any of the men that they would be engaged that afternoon to unload another car of staves; he never saw Jarrow before that morning, and he had not worked for him to his knowledge; he employs the men by the job.

It is perfectly evident, and we agree with the trial judge, that after the car was unloaded, which was the sole and exclusive object of plaintiff's employment, his employment ceased. He was not engaged to unload another car, and was at the time of his injury free to go wherever he pleased. Barry vs. Shreveport, 10 Adv. Rep. La. App. 18.

He was employed by the job for a specific purpose and none other.

It is immaterial that there was a possibility of another car coming in later to be unloaded. None had been engaged to unload that possible car. If the car came it would have been the subject of another employment.

The plaintiff and others lingered around the stave yard with the hope of obtaining work in discharging staves. Plaintiff was no more engaged for the afternoon than he would have been engaged for the next day when the defendant expected to receive other cars. We are therefore of the opinion that plaintiff did not receive his injury during nor in the course of his employment, and that the judgment appealed from is correct, and it is therefore affirmed.