No. 2789

Second Circuit

RAY v. LOUISIANA OIL REF. CORP.

(Nov. 6, 1926. Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Appeal—Par. 625; Master and Servant—Par. 160 (j), 160 (l).

Where plaintiff, an injured employee, suing for compensation under the Workmen's Compensation Act No. 20 of 1914, fails to prove that the injury complained of was received in the course of his employment, this finding of fact by the trial court, being clearly correct, will be affirmed.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Will Ray against Louisiana Oil Refining Corporation.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Long & McSween, of Shreveport, attorneys for plaintiff, appellant.

Blanchard, Goldstein & Walker, of Shreveport, attorneys for defendant, appellee.

ODOM, J. Plaintiff brings this suit to recover compensation under the Workmen's Compensation Act (Act No. 20 of 1914, and amendments).

He alleges that on or about the 14th day of February, 1926, while engaged in work for the defendant company in fitting pipe at its plant, his right foot slipped, causing him to fall to the floor, thereby fracturing the right hip and otherwise deranging and tearing the bones, muscles, ligaments, tissues, nerves and structures in and about the hip joint and small of the back, and that his injuries were such as to disable him from doing any work of a reasonable character.

The defendant denies these allegations, specifically setting up that plaintiff received no injury while in its employ.

A trial of the case resulted in a judgment in the District Court rejecting plaintiff's demand, from which he prosecutes this appeal.

Plaintiff testified as a witness on his own behalf that while using a socket

wrench he was taking off a nut from a one-inch bolt and that while in a sitting position his right foot slipped which caused him to fall and his back was hurt in the manner set forth in the allegations of his petition.

He testified that he worked on until 4:25. There is testimony to the effect that he claimed that the injuries occurred about 11:00 o'clock in the forenoon. However, the testimony is not very clear as to what time the alleged injury took place. Plaintiff testified that he told Mr. McInnis that he was hurt and that McInnis heard him tell Mr. Burge, foreman of the pipe-fitting gang, that he was hurt.

However, plaintiff's testimony on this point is denied by both Mr. Burge and Mc-Innis. Mr. Burge testified that he was foreman of the pipe-fitting gang and that he does not recall that plaintiff complained to him of receiving any injury. Mr. Mc-Innis testified that he was the plaintiff's partner in the work and that if plaintiff fell and received any injury while at work he knew nothing about it, and he specifically states what he knows about the matter, as follows:

"Well, he mentioned about it being hard work and getting off or wanting to get off; and during that time some one said: 'We are stuck tonight, good and hard', and he says: 'Not me. I am going at four thirty.' And I paid him no mind, and we just had to cut back a valve and bolt it on; and when I got back I walked up there and we put the valve on. You understand there was four bolts in it and Ray dropped one of the bolts and he says, 'I can't stoop down on account of my hip.' I never paid any attention, but put the bolt in. That was right around five o'clock."

Another laborer who was working with Mr. Ray says that Ray told him prior to February 14th, which is the date on which Ray claims to have been injured, that his back gave him trouble and that Ray spoke about having been out on a party, but did not say that his dissipation on the party caused his back to hurt.

These are the only witnesses who gave testimony on the particular point as to whether the plaintiff slipped and fell as he says he did. It is clear, therefore, that plaintiff has failed to make out his case, for he has failed to show that as a matter of fact he received any injury while at work for the defendant.

There were a number of physicians called, two by the plaintiff and some four or five by the defendant. Their testimony, as a whole, shows that plaintiff is suffering a slight disability on account of a sore condition in the region of the sacro iliac joint.

Doctor Adair, who was called by plaintiff, testified that he made an x-ray of the sacro iliac joint which, he testified, showed that there was a slight slipping of that joint and that the slipping could have been caused by the fall which plaintiff described to him.

Doctor Geddes, an osteopath, testified that he had treated plaintiff and that one of his legs was slightly longer than the other, which could have been caused by the slipping or straining of the sacro iliac joint.

Doctor Murphy, a physician who was called by the defendant, testified that he treated plaintiff and that the x-ray plates which he examined show chronic arthritis of the lumbar spine. He explained that arthritis means an inflamed condition of the joints between the vertebrae.

The defendant also called Doctor Ragan, Doctor Hargrove, Doctor Abramson, and Doctor Crain, each of whom testified that

from their examination of the x-ray plates plaintiff's condition was produced by chronic arthritis and not from any strain or displacement of the sacro iliac joint.

There was introduced in evidence an x-ray picture of plaintiff's teeth, which shows an abscess at the root of one of them, and the physicians are unanimous in the opinion that this abscess was sufficient to cause what they call focal infection and produce arthritis.

Plaintiff testified that he received the injury of which he complained on February 14th, and that one week later he returned to work and worked for about one month, losing during that time, some three or four days. He testified that after receiving the alleged injury he continued to work until 4.25 in the afternoon of the same day. All of the physicians are of the opinion that if plaintiff had received the injury of which he complains, the maximum pain and disability would have resulted immediately, and that if plaintiff had received the injury of which he complains it would have been impossible for him to continue his work. These physicians explain, at length, the reasons for their conclusions.

Plaintiff having failed to make out his case on the question of fact, the demands were properly rejected by the lower court.