## DIMES, APPELLANT, v. LASSITER AND COMPANY

(July 14, 1927.   Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant— Par. 158.**

In order to succeed in a suit under the Employer's Liability Act the plaintiff must prove that the injury was received while performing services arising out of and incidental to his employment in the course of his employer's business.

Appeal from the 24th Judicial District for the Parish of Jefferson. Hon. L. Robert Rivarde, Judge.

Action by Lee Dimes against Robert G. Lassiter and Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Charles J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellant.

Walmsley, Beard and O'Keefe, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for compensation under the Employer's Liability Acts.

Plaintiff alleged that on November 8th, 1926, he was employed by the defendant as a laborer in constructing highways, for the daily wages of $2.75, or weekly $16.50; that while performing his duties he met with an accident and broke his right leg which caused him a temporary total dis-

ability to do any work of any reasonable character up to the present time; that he is therefore entitled to sixty-five per cent of his weekly wages during the time of his disability, being ten and 73/100 dollars; that defendant therefore owes plaintiff from November 8th, 1926, to February 25th, 1927, the time of filing this suit, or for fifteen weeks, the sum of $160.95, with interest from November 11th, 1926, together with the like weekly wages of $10.73 during the remaining period of his disability and for medical expenses paid by plaintiff.

The defendants admitted that the plaintiff was employed by them as alleged, but averred "that said accident and injury, if any, did not grow out of and was not incidental to his employment with defendant company and that same, if any, occurred after the completion of his work with defendant company and after he had been safely returned by defendant company to the point where his connection with said defendant ended."

After extended and learned reasons committed to writing and extant in the record, judgment was rendered in favor of the defendants rejecting plaintiff's demand.

After an unsuccessful application for a new trial, the plaintiff has appealed.

The plaintiff was employed by Butler for the defendants, Lassiter and Co., to dig ditches on the Shrewsbury road, from 7 a. m. to 5:30 p. m.  W. C. Butler was their foreman; plaintiff was not hired to drive trucks; the defendants, Lassiter and Co., owned no trucks; Lassiter and Co. assembled their men in the morning at Harahan at Draube's store and had to transport them to the places where he worked at or near Shrewsbury and bring them back in the evening; for that purpose they employed one Lauricella, who owned trucks, for one hour in the morning and one hour in the evening; when the men returned to Harahan in the evening their work was finished and they were no longer under the orders of defendants; Lauricella was working under him, the same as the plaintiff; Lauricella was "kind of a straw boss" at $4 a day.  Butler had his gang split; if, during the day, he needed a few more men where he was, he went to the other part of the crew, and he took four of them and brought them to the other place; Lauricella was "digging some ditches"; the plaintiff returned from work that night with Butler; defendants used Lauricella's trucks when they needed them; Lauricella was working some men for the defendants; they were ditching; plaintiff Dimes worked for Butler; Lassiter engaged one of Lauricella's trucks to bring the men out to work in the morning and to bring them back in the evening; he was allowed $3 a day for the use of his trucks; the men were brought out that morning in one of Lauricella's trucks driven by plaintiff Dimes; the driver had not come out and Lauricella told him to drive the men, and plaintiff Dimes drove the men out that morning, and he told him to bring the truck back that evening; Dimes returned in another truck; Lauricella sent him back to get the truck, and he caught another truck to go and get it where he had left it; on the way out the truck had a wreck and plaintiff's leg was broken; the truck that was wrecked belonged to Lauricella; Dimes was supposed to do any kind of labor work, ditching, putting in pipe, spreading gravel, or any labor work that the foreman directed; the Company had to send the laborers to work and to take them back home; they rented different trucks; they rented Lauricella's trucks; they were working thirty trucks, different people owned them; they rented the trucks, gas, oil, driver, and everything, and paid them so much an hour, acording to the size of the truck and what it hauled;

they paid Lauricella $1 or $1.50 an hour. Lauricella testified, and it is not denied, that plaintiff Dimes had been asking him for a job to drive a truck, and Lauricella told him on the morning of the accident that he wanted to see whether Dimes could drive.

The learned judge of the trial court said:

"The evidence shows conclusively that the accident did not arise out of and incidental to his employment. At the time of the accident the relation of Master and Servant had ceased to exist, because plaintiff had already finished his day's work and was delivered safe and sound at the point and place from which he left that same morning, the same spot where all of the laborers left in the morning and returned in the evening," quoting Bass vs. Shreveport Eldorado Pipe Line Co., 4 La. App. 107; Jarrow vs. Sabrier, 5 La. App. 288; Blane vs. Iglehart, 5 La. App. 18; Wyatt vs. Alabama Petroleum Corporation, 2 La. App. 499; Goree vs. Atlantic Oil Producing Co., 2 La. App. 558.

We will add that the testimony shows conclusively that plaintiff's day's work had ended at 5:30 when the truck rented by the defendants for that purpose brought him and the other laborers back at Harahan which they had left in the morning; that at that time and place, after 6 p. m., Lauricella, owner of all the trucks, called plaintiff's attention to the fact that he had not brought back the truck in which he had driven the laborers in the morning and told him and sent him back to bring back the truck. In obedience to that request or order, the plaintiff proceeded to return for the purpose of securing and returning the truck. This certainly was an undertaking for the benefit of Lauricella alone and entirely foreign to plaintiff's functions towards the defendants and not in the course of, nor for the interest of the defendant. The truck in which he started on that errand was the property of Lauricella and the driver was employed and paid by him, and was not in any way connected with the defendants or their work.

Ray vs. Louisiana Oil Ref. Corp., 5 La. App. 735.

Gray vs. Elgutter, 5 La. App. 315.

Purvis vs. Ware Construction Co., 5 La. App. 684.

De Gruy vs. Cire and Delhower, 4 La. App. 558.

Myers vs. La. Ry. & Nav. Co., 140 La. 937; 74 So. 256.

Dyer vs. Rapides Lbr. Co., 154 La. 1091; 98 So. 677.

Smalley vs. Brown, 156 La. 671; 101 So. 16.