DOUCET, Judge.
Phillip P. Karam, plaintiff-appellant, brought this suit against Murphy Ash-Worth and Delta Timber Company, defendants-appellees, seeking worker’s compensation benefits. Karam has perfected this appeal from a judgment of the trial court dismissing his claim. We affirm.
The sole issue of this appeal is whether or not the trial court erred in holding that Karam had failed to prove that a work related accident or injury caused an impairment or disability.
The Supreme Court set forth the applicable legal principles governing the burden of proof necessary to establish a work-related injury in West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979) as follows:
In a workman’s compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidence — i.e., ‘the testimony, as a whole, must show that more probably than (not) the employment accident caused the disability.’ Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
In evaluating the evidence, the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record easting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).
Karam contends that the trial court erred in failing to take into account the total testimony in the case which proves more probably than not that a work com-pensable accident occurred which disabled him.
Karam alleges that while cutting timber his left knee was injured when it struck by a limb. Karam was an employee of Ash-worth and Delta at the time of the alleged accident. When the alleged accident occurred, Karam was alone.
Although, as a general rule, such uncontradicted testimony should be accepted as true, such principle is true only if there is “absence of circumstances” in the *214 record casting suspicion on the reliability of this testimony. West v. Bayou Vista Manor, Inc., supra.
The trial court concluded that Kar-am had lied before to draw unemployment compensation. Further, the trial court found that Karam’s testimony was contradicted. Karam said that he had no trouble before this incident with his knee. The Veterans Administration Hospital records in Pineville contradicted that statement. In 1976, Karam went to the hospital complaining of knee problems. Further, Ricky Henry, Karam’s friend, said that on the first day that he went to work for Karam, he complained about his knee. Karam said that his leg was swollen after the incident and that he was off three or four days. Several witnesses, particularly a Mr. Alfred Ware, testified that Karam came back to work the next day. Finally, the court concluded that a limb might have popped back on Karam’s knee but was not convinced that Karam was disabled from this incident anymore than he was before he went to work there.
An appellate court may not disturb a trial court’s evaluations of credibility and factual determination unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the entire record, we cannot say that the trial court’s decision is clearly wrong. In fact, based on the .totality of the evidence, the decision seems clearly right.
For the above and foregoing reasons, the judgment of the trial court is affirmed at Phillip P. Karam’s, plaintiff-appellant, cost.
AFFIRMED.