LABORDE, Judge.
This is a workers’ compensation case. Willie Nell Bruce, plaintiff-appellant, sued her employer, Pat’s Restaurant of Cameron, Inc., defendant-appellee. Plaintiff claims that her disability resulted from an injury sustained while working within the course and scope of her employment. Defendant admits that plaintiff slipped and fell while at work, but asserts that her disability resulted from an intervening injury sustained two months after the work-related fall. The trial court found that plaintiff failed to carry her burden of proving causality. We agree and affirm.
*1284 Plaintiff suggests that two errors were made by the trial court: (1) the trial court improperly demanded that the plaintiff prove causality by a greater burden than the preponderance standard; and (2) the trial court improperly refused to shift to the defendant the burden of proving that an intervening accident had caused the disability.
We are fortunate on appeal to have the trial judge’s written reasons for judgment. These well written reasons describe the factual context of this case and the factors which influenced the trial judge to hold for the defendant. The reasons specifically address and resolve the issues raised by the plaintiff. The court below applied the “more probable than not” standard and found that plaintiff did not prove that the employment accident caused the disability. The trial court also correctly refused to shift the burden of proof to the defendant. We adopt the trial judge’s opinion as our own, and quote his opinion as follows:
“On May 14, 1982, claimant was employed by Pat’s Restaurant, Inc. as a waitress. While mopping the floor, one of the duties assigned to waitresses, the claimant slipped and struck her back on the floor. There is no question that the accident occurred as Mr. Pat Doland, the owner and manager of the restaurant, saw Mrs. Bruce fall and helped her up after the fall. The claimant complained to Mr. Doland and others about pain in her lower back, but she continued to work. The pain she experienced following this accident was in the right side.
It was not until June 8th that the claimant sought medical attention. At that time she was seen by Dr. Cecil Clark. Although Mrs. Bruce demonstrated clinical symptoms of a fracture to the coccyx (tailbone), x-rays showed no damage and there were no other objective symptoms, such as spasms, to suggest that there was, in fact, an actual fracture. Dr. Clark treated the claimant for the clinical fracture and referred her to Dr. Fayez Shamieh to test for damage to the sciatic nerve. During this period, Mrs. Bruce missed two weeks of work.
Dr. Shamieh performed an EMG on June 15, 1982, testing the right lower extremity for root nerve irritation. The test showed no such irritation. The accuracy of the EMG was estimated to be in the 80-85% range.
Mrs. Bruce suffered a falling accident at her home on July 11, 1982. She was taken to South Cameron Memorial Hospital and was again seen by Dr. Clark. X-rays of the left hip, lumbar spine and coccyx were normal but x-rays of the left ribs revealed a non-displaced fracture of the eleventh rib in mid-scapula line. Additionally, she was experiencing muscle spasms in the left posterior. Dr. Clark classified the injury from this fall as a ‘significant trauma.’ Claimant remained in the hospital for three days and remained away from work for two months. After returning she was plagued by weakness and pain in the back and leg.
In May of 1983, claimant went to Dr. Clark Gunderson. The results of a mye-logram were negative, but a diskogram, performed at the same time, showed pos-terolateral herniation at the L4-5 level, producing pain into the right leg. Dr. Gunderson performed chemonucleolysis, a disc enzyme injection, on May 24, 1983. Mrs. Bruce continued to experience back pain for several months. This was not considered unusual, as it often takes time for the disc to re-constitute biochemically. Dr. Gunderson stated that there is a fifty-fifty chance for recovery without further surgery.
Claimant was seen by Dr. Edward Phillips, Jr. on April 11, 1983. She was complaining of pain in her right foot. There was swelling around the tarsal-metatarsal joints. X-rays showed arthritis in those joints. There was no difference between the x-rays taken at this time and those taken the year before in Cameron.
As to which of claimant’s falls medically caused the injuries, the only point upon which all of the doctors concur is that there is not enough evidence to form *1285 a conclusive opinion. Dr. Clark found no significance in the pain shifting from the right side to the left side. He felt that the second fall probable caused the disc problems but he could not rule out the possibility of the first accident being the cause. Dr. Shamieh and Dr. Gunderson both felt that the first accident could be linked to Mrs. Bruce’s problems, but Dr. Gunderson acknowledged the ‘medical probability’ that the second injury aggravated the first. Dr. Phillips could not rule out the possibility of either fall causing the problems.
The primary issue in this case is whether or not petitioner’s current symptoms are related to her accident of May 14, 1982.
In weighing the evidence available to the trial court in a Louisiana Workmen’s Compensation case, the jurisprudence yields several principles to be used. The evidence must be viewed in a light most favorable to the claimant and when there is proof of an accident and of a following disability, without an intervening cause, it is presumed that the accident caused the disability. Guillory v. U.S. Fidelity and Guaranty Insurance Company, 420 So.2d 119 (1982). The effect of this presumption is to shift the burden of proof to the defendant who must then rebut the presumption.
This Court is first faced with the question of whether or not the claimant is entitled to the presumption in view of the intervening accident of July 11, 1982. Understandably, plaintiff claims that the subsequent injury was not an ‘intervening’ cause. A review of the medical evidence shows that all of the expressed opinions support the proposition that claimant’s fall in July of 1982 was capable of producing her current disability. In view of the fact that it is the consensus of medical opinion that the incident subsequent to the job-related accident could just have easily caused plaintiff’s medical condition, plaintiff must carry the burden of proving the causal relationship to her present disability.
Thus, the more appropriate principle to be utilized in the current case is that which deals with the weight to be given to the actions of the claimant following the first accident. If a claimant continues to work between a job related accident until a subsequent noncovered accident, after which symptoms appear, this weighs against establishing the causal connection. Broussard v. Acadia Industries, Inc., 339 So.2d 48 (La.App. 3d Cir.,1976). Ray v. Louisiana Oil Refining Company, 5 La.App. 735 (2nd Cir. 1926).
Before the accident of July 11th, it is significant that plaintiff missed no work because of illness. Not until the hospitalization following the July 11th accident was there a significant absence from work.
The continuation of work does not weigh against an employee who complains to the fellow employees or who takes on a lesser load or who noticeably adjusts one’s work practices in order to accommodate pain or reduced physical capacity. Mackie v. Crown Zellerbach Corp., 444 So.2d 166 (La.App. 1st Cir. 1983). In this instance, three of the plaintiff’s co-workers testified that the plaintiff returned to work the day after her fall and made no complaints about the back. Further, she never seemed unable to perform the full compliment [sic] of tasks she had been doing before the May incident.
Another applicable legal principle is that, in determining which of two accidents may be the cause of a disability, the accident which is more closely associated in time with the manifestations of this disability is felt to be the causal one. A plaintiff’s statement that symptoms relating to her disability began immediately after a certain incident are generally to be accepted as true unless contradicted. In the case at hand, two co-workers, Alfreda Kay Roy and Phyllis Meadows, testified that plaintiff complained about her back following the July incident but never said anything about her back between the May accident and the *1286 July fall. Another co-worker, Brenda Conner, testified that plaintiff never complained to her about the back interfering with her work, even after the July fall. One of the plaintiff’s supervisors, Mrs. Margaret Doland, testified that plaintiffs work was not at all affected between May and July. Dr. Cecil Clark, who was the treating physician, made note of the fact that he detected muscle spasms in his examination of the plaintiff only after the July incident. Thus, the general rule that plaintiffs testimony should be accepted as true is not applicable here because the weight of evidence casts suspicion on her account of the facts. Karam v. Ashworth, 445 So.2d 212 (La.App. 3d Cir.,1984).
In summary, the plaintiff in a workmen’s compensation suit has the burden of proving that the work accident was the cause of the disability. In the situation where two accidents have been suffered by a plaintiff and causal relationship must be' established, the burden on the plaintiff is to prove that the employment accident more probably than not caused the disability. Gradney v. Vancouver Plywood Company, Inc., 299 So.2d 347 (La.1974).
It is the opinion of the Court that the plaintiff herein has failed to carry her burden of proof and for these reasons, plaintiff’s demand is denied.”
These reasons for judgment show that the trial court considered all relevant testimony — both expert and lay. The trial judge made certain factual determinations and concluded that the plaintiff had not proven her case by a preponderance of the evidence. Although the procedural rules are construed liberally in a workers’ compensation case, the burden of proof is not relaxed. Gallien v. Supreme Contractors, Inc., 448 So.2d 871 (La.App. 3d Cir. 1984). The trial court held the plaintiff to the proper standard, i.e., the preponderance level.
We have carefully reviewed the record and the applicable law. The trial judge committed no manifest error nor did he abuse his discretion in refusing to award the plaintiff workers’ compensation benefits.
Accordingly, for the foregoing reasons, the judgment of the trial court denying plaintiff’s demand is affirmed. Costs are assessed to plaintiff-appellant.
AFFIRMED.