(78 South. 734)

No. 22564.

PISKE v. BROOKLYN COOPERAGE CO.

(April 29, 1918. Rehearing Denied May 27, 1918.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ⚖️405(1)—EMPLOYERS' LIABILITY ACT—RECOVERY—PROOF.

Under Employers' Liability Act (Act No. 20 of 1914) § 18, par. 4, holding that the judge in the trying of suits under that act is not bound by the usual common-law or statutory rules of evidence, it is incumbent upon a claimant to prove the facts necessary to sustain his demand and that the accident occurred while the employé was performing services, arising out of and incidental to his employment in the course of his employer's trade, business, or occupation within section 2.

2. MASTER AND SERVANT ⚖️375(1) — WORKMEN'S COMPENSATION—INJURY IN COURSE OF EMPLOYMENT—TEST.

It is impossible to formulate an absolute test for determining whether an accident occurred while a workman was acting within the scope of his employment, as no one test can govern all cases, and as each case must be governed by the particular facts.

3. MASTER AND SERVANT ⚖️405(4)—EMPLOYERS' LIABILITY ACT—ACCIDENT ARISING OUT OF AND IN THE COURSE OF THE EMPLOYMENT —EVIDENCE.

In a widow's action for compensation under the Employers' Liability Act for the death of her husband, an employé of a cooperage company, who temporarily went out of the building in which he worked and was killed on the employer's switch track, evidence *held* to show that the accident did not arise out of and in the course of his employment.

4. MASTER AND SERVANT ⚖️378—EMPLOYERS' LIABILITY ACT—DEFENSES.

Employers' Liability Act, § 28, withholding compensation for injury caused by the employé's willful intention to injure himself, his intoxication or deliberate failure to use adequate guards, or his deliberate breach of statutory safety regulations, does not exclude all other defenses, and an employer may show that the accident was not one arising out of and in the course of the employment, within section 2.

O'Niell, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Annie Piske, widow of August W. Piske, against the Brooklyn Cooperage Company for compensation under the Employers' Liability Act. Judgment for plaintiff, and defendant appeals. Reversed.

Carroll & Carroll and Henry G. McCall, all of New Orleans, for appellant. J. Zach Spearing, of New Orleans, for appellee.

LECHE, J. Mrs. Annie Piske, widow of August W. Piske, seeks compensation under the Employers' Liability Act for herself and three minor children, issue of her marriage with her said deceased husband. August W. Piske had been in the employ of the Brooklyn Cooperage Company for several years, and on May 23, 1916, at about 2:30 o'clock in the afternoon, he temporarily left his work, went out of the building in which his occupation required him to be, and was found, by his cries for help, with his right leg pinned under the wheel of a box car, some 40 feet from the building. He was extricated from his position and rushed to a hospital, but his injury proved fatal and he died within a short time thereafter. The accident happened on a switch track used by defendant to ship the output of its factory. There were five empty box cars on the track, and some of the employés of defendant were spotting a loaded car, and as the loaded car came in contact with the standing empties the latter were moved 3 or 4 feet by the jar. Piske was found with his body lying outside the

rails and his leg pinned under the front wheel of the third or fourth car from the end of the string. Whether he was standing between the cars or lying down on the track, and what his purpose was in going there, cannot be explained on any reasonable, or even plausible, theory. Defendant shows that Piske's employment not only did not justify him in going to that particular place, but that his duty at that time required his presence inside the building. No excuse founded on necessity, convenience, or pleasure can be assigned, or even conjectured, why he should have gone on the switch track.

[1] In order to justify recovery by the plaintiff, it must appear that the accident occurred while Piske was "performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation." While the Employers' Liability Act, § 18, par. 4, holds that the judge, in the trial of suits under that act, is not bound by the usual common-law or statutory rules of evidence, it is nevertheless incumbent upon a claimant to prove the facts necessary to sustain his demand, and we cannot conceive of any good reason to hold otherwise. A note at page 1294 of A. & E. Annotated Cases, vol. 40, Ann. Cas. 1916B, lays down the general rule "that the burden of furnishing evidence, from which the inference can be legitimately drawn that an accident to a workman arose out of and in the course of the employment, rests on the claimant." The only burden of proof placed upon the employer is that required to establish the special defenses provided in section 28 of the act. Defendant does not rely upon the defenses mentioned in that section, and therefore that provision of the law has no application in the present case. Admitting that plaintiff has adduced evidence from which the inference can be legitimately drawn that the accident which caused her husband's death arose out of and in the course of his employment, and that

the burden of refuting that inference rests upon the defendant, for the reason that such evidence is more within its control, defendant has fully complied with that duty, and therefore this discussion as to the burden of proof is not a controlling element in the decision of this case.

The questions to be passed upon here are whether Piske at the time he was injured was "performing services arising out of and incidental to his employment in the course of his employer's trade, business, or occupation," and, if he was not, whether such a defense is tenable under the Employers' Liability Act.

Several decisions from other jurisdictions have been cited by counsel for defendant, and we find many others, from this country and from England, collated in the footnotes to Ann. Cas. 1913C, p. 4, 1914B, p. 498, 1914D, p. 1284, and 1916B, p. 1293.

[2] It would serve no useful purpose to review these numerous decisions, as they each deal with particular facts none of which are identical with those in the present case, and we conclude, like the editors of the note in Ann. Cas. 1916B, p. 1304, that:

"It is impossible to formulate an absolute test for determining whether an accident occurred while the workman was acting within the scope of the employment. Various tests have been stated in the cases on the subject, but no particular test can govern the infinite combination of facts which new cases constantly bring to light. A test laid down in one case is useful, but not conclusive, and, as a general rule, each case must be governed by its particular facts."

[3] Our conclusion from the evidence in this record is that Piske at the time of the accident was not engaged in the performance of any act even remotely connected with his employment.

[4] The other proposition submitted in argument by plaintiff, to the effect that the defenses mentioned in section 28 of the Employers' Liability Act exclude all other de-

fenses, is, in our opinion, not applicable to this case.

Section 28 withholds the benefit of compensation for injury caused (1) by the employé's willful intention to injure himself or to injure another, or (2) by the injured employé's intoxication at the time of the injury, or (3) by the injured employé's deliberate failure to use an adequate guard or protection against accident provided for him, or (4) by the employé's deliberate breach of statutory regulations affecting safety of life or limb. By the terms of section 2, the workman who, under section 28, forfeits the benefit of compensation, is one who receives personal injury by accident arising out of and in the course of such employment. The proof in this case fails to show that the injury suffered by Piske arose out of and in the course of his employment, and consequently fails to show that Piske ever came within the class of claimants entitled to compensation. Piske could not therefore have forfeited that to which he was not originally entitled. In other words, plaintiff argues that the only workmen who are excluded from the benefits of the act are those who, in the language of the act itself, "shall be eliminated * * * for the causes and reasons set forth in section 28." That argument is sound, provided that by the word "workmen" are only meant workmen who were injured by accident arising out of and in the course of their employment, for the act is not intended for the benefit of any other class of workmen; but as Piske was not injured by an accident arising out of and in the course of his employment, the limitation of the defenses provided in section 28 cannot be invoked by his surviving dependents, whose right to claim compensation is derived through him and is no greater than that he could have exercised had he survived his injury.

Believing, then, that the injury which caused the death of Piske did not arise out of and in the course of his employment, we are compelled to deny the relief prayed for by his dependents.

For these reasons, the judgment appealed from is set aside and reversed, and plaintiff's demand refused, at her costs.

O'NIELL, J., dissents.