No. 542

First Circuit

———

JOHNSON v. PROVENCAL TURPENTINE CO.

———

(December 30, 1929.   Opinion and Decree.)

———

Fern M. Wood, of Leesville, attorney for plaintiff, appellant.

Eugie V. Parham, of New Orleans, attorney for defendant, appellee.

MOUTON, J.   Plaintiff, employed as a teamster by defendant company, while driving a wagon through the gate of a corral situated on the property of defendant, was injured, and brings this suit for compensation against defendant.

Judgment was rendered by the district judge rejecting his demand, from which he appeals.

The accident occurred on Saturday evening, September 29, 1928.  The proof shows that plaintiff had been paid for his day's work, had fed his team, was walking from the corral, and when about 200 yards away was asked by one Henry Williams to drive the latter's team into the corral for the purpose of hauling some manure or fertilizer therefrom which was to be used by Williams for his garden.  This team had been borrowed by Williams from Tom Rogers.  It is clearly shown that the defendant company permitted the neighbors to haul manure from the corral to save the expense which it would have had to incur to keep it clean.  Its removal was being done by Williams for his individual benefit, in which the company had no interest and exercised no control, authority, or supervision.  It is therefore obvious that plaintiff drove the team into the corral to help out Williams, in whose exclusive service he was at the time.

Williams says when plaintiff was driving through the gate his head struck a

beam, that the mules in pulling raised the body of the wagon, and that it "crushed him on his seat," from which, according to the physician's report, he suffered double aggravated hernia. It is therefore evident from the foregoing statement that when the accident occurred plaintiff was in the service of Henry Williams, and was not performing any services, which arose out of his employment in the course of his employer's business, or which were in any way connected with or incidental thereto.

As such are the facts, plaintiff has no right to recover compensation under the provisions of the Employers' Liability Act (Act No. 20 of 1914 as amended). Piske vs. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734.

The record shows that upon the report of a physician and of Philips, secretary and manager of defendant company, defendant awarded compensation to plaintiff during six weeks. Arguing from that, counsel for plaintiff contends that the claim of the company that its payments had been made in error was the result of an afterthought, and was manufactured solely for the purpose of escaping liability.

It is shown that at the time of the occurrence no investigation had been made by the company in reference to the accident. After familiarizing itself with what had really happened, the company stopped paying any further compensation. No doubt, these payments had been made by it from ignorance of that which really existed, or from a mistaken belief in the existence of that which had none. These payments, as we see it, were allowed through error of fact from which the company is relievable. C. C. art. 1821.