No. 847

First Circuit

## McDANIEL v. ROSELAND BOX CO., INC.

(October 7, 1931.   Opinion and Decree.)
(December 8, 1931.   Rehearing Refused.)

Mat J. Allen, of Amite, attorney for plaintiff, appellant.

Ellis, Ellis & Ellis, of Amite, attorneys for defendant, appellee.

LeBLANC, J. Plaintiff claims that on August 28, 1930, while working for the defendant as a general carpenter, he fell and injured his right hip, and that, although he was able to continue his work until September 3, the following, he was on that day obliged to give up, and was unable to do work of any character for a period of eight weeks. He also claims that on September 2, 1930, while still working after receiving the hip injury, he was driving a drift pin with a maul, and in doing so bruised his left hand, from which he developed an infection which ultimately caused the permanent total loss of its use. He accordingly asks for compensation under the Employers' Liability Act for a period of 200 weeks; the amount being based on what was his average weekly wage.

The defense is a denial that either injury complained of was received while plaintiff was engaged in the performance of his work as alleged.

From a judgment rejecting his demand and dismissing his suit, plaintiff appealed. His counsel here asks, in the event we reach the conclusion that plaintiff has failed to make out a case on the testimony submitted in the record, that we remand the case to the district court for the purpose of having it hear the testimony of two witnesses which could not be procured despite due effort and diligence on his part before the trial of the case. He had submitted a motion to have the case re-opened upon supplying an affidavit from one of these witnesses, but the court does not seem to have passed on that motion. It had, however, previously denied a motion for a new trial.

Regarding the alleged injury to plaintiff's right hip, we readily conclude from the evidence we have before us that it was not as serious as he would make it appear, if, indeed, he was injured at all. The testimony of Dr. Galloway shows that he was treated for an attack of lumbago, and we are inclined to believe that that was the real cause of this particular complaint. The additional testimony which his counsel would have the court consider on a remand of the case concerns the hand injury only, and it is this injury which presents the real issue in the case.

Plaintiff's testimony as to how he suffered a bruise on his left hand while driving a drift pin with a maul is not supported by any other testimony in the record. That it was bruised in some manner is shown by the testimony of Dr. Farmer, who says that he treated it for an infection which in his opinion was caused from a bruise, as all the signs of a bruise were apparent, decayed and broken-down tissue, swelling and darkness. He, and Dr. McClendon as well, testify that there is permanent disability in the hand from use for manual labor. As against this, however, we find the testimony of plaintiff's foreman, Mr. Arrowsmith, and that of Dr. Galloway to the effect that plaintiff never did complain to either of them about his hand having been injured. Under the circumstances we do not think that plaintiff has proved with that legal certainty which the law requires that his injury arose out of and in the course of his employment.

In the condition in which the record appears before us, however, especially with regard to the affidavit annexed to plaintiff's motion to have the case re-opened, we find ourselves unable to pronounce definitely on the cause of plaintiff's injury to his hand. Under the circumstances, we think the needs of justice will be better served by remanding the case to the lower court for the purpose of hearing the testimony of the two witnesses named in the affidavits annexed to plaintiff's motions and such other additional evidence as may tend to prove what are the true facts in the case. This procedure is warranted under the provisions of article 906 of the Code of Practice. In connection therewith see Rhodes v. Cooper, 113 La. 600, 37 So. 527, In re Tucker, 153 La. 47, 95 So. 396. We believe that the provisions of the law here invoked apply with stronger force in compensation suits like this, in which the law governing their trial prescribes that "the judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided." Goree v. Atlantic Oil Producing Co., 2 La. App. 558; Ward v. Standard Lumber Co., 3 La. App. 187.

For the reasons stated, it is therefore ordered, adjudged, and decreed that this case be remanded to the lower court for the purpose of having that court hear and consider the testimony of the two witnesses referred to in the affidavits annexed to plaintiff's motions herein, and such other additional testimony and evidence as it may in its opinion deem legal and proper for its consideration and decision of the issue as to how plaintiff sustained the injury to his hand.