ABELLEIRA v. JOHNSON IRON WORKS CO., INC.

___

(November 30, 1931. Opinion and Decree.)

___

A. H. Reed and J. L. Warren Woodville, of New Orleans, attorneys for plaintiff, appellant.

Edward Rightor and William H. Sellers, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by an injured employee to recover compensation under the provisions of the Workmen's Compensation Law, Act 20 of 1914, sec. 8, as amended by Act 242 of 1928.

The defendant admits that plaintiff was in its employ and engaged in a hazardous occupation; that he was accidentally injured on June 25, 1930, by a heavy piece of iron falling on his right foot, and that he was paid compensation at the rate of $12.65 per week for 23 weeks, but avers that he was discharged as cured of the injury on December 17, 1930, and that the present disability complained of has no causal connection with the original injury.

There was judgment in favor of the defendant dismissing the suit and plaintiff has appealed.

The record shows that the plaintiff was unloading heavy iron bars from a truck and that one of them fell on the instep of his right foot and injured it. He was sent by his employer to Dr. King's clinic, where an x-ray was taken (which, however, was not introduced in evidence) and that Dr. King diagnosed the injury as a fracture of the fourth metatarsal bone, i. e., the bone that runs from the base of the foot to the toe. The foot was placed in a plaster of paris cast by Dr. King, who became ill and left the city, referring the case to Dr. Brock for attention. Dr. Brock continued to treat the patient and, after a period of two months, removed the plaster cast. Thereafter the foot was treated by electrical baking, as it was in a sore and swollen condition. Dr. Brock discharged the patient on December 17, 1930, as cured. The plaintiff states that he returned to his work and worked for two days, but, due to the fact that his foot became badly swollen and pained him, he had to give up his employment.

On December 29, 1930, the compensation insurance adjuster sent the plaintiff to Dr. Edward S. Hatch, a bone specialist, who caused two skiagraphs of the injured foot to be made, which he interpreted as showing that there had not been any fracture of the fourth metatarsal bone, as Dr. King diagnosed the case, but that there was a marked hyper-arthritis or a definite hallux rigidus at the right metatarso phalangeal articulation and internal cuneiform; in short, that there was a bony growth on the dorsal surface of the great toe and on the bone that forms the instep, slightly below where the top of a low quarter shoe reaches that portion of the foot. On December 30, 1930, the patient was sent to Dr. Joseph F. Ane, a radiologist, who also made two skiagraphs of the injured foot, and these pictures showed the same condition of the bones of the foot. Dr. Ane, from his examination of these x-ray pictures, also found that the fourth metatarsal bone had not been broken or fractured and reported, as Dr. Hatch had, a bony growth on the internal cuneiform. The patient then went to the Charity hospital for treatment, where skiagraphs or x-ray pictures were again taken and the radiologist of the hospital diagnosed the case as a "chip fracture of the internal cuneiform, with a slight separation of the fragments," and an injury to the periosteum, the membrane that covers the bone. Plaintiff says that he was treated at the hospital for this injury, even up to the date of the trial on July 2, 1931.

There is no doubt that the plaintiff must bear the burden of proving that his present disability resulted from the accidental

injury which he sustained. Womack v. Highway Construction Company, Inc., 18 La. App. 111, 137 So. 210, decided October 19, 1931; Piske v. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734; Cordray v. Standard Oil Co. of La., 9 La. App. 458, 121 So. 220; Elix v. Glassell-Wilson Co., Inc., 9 La. App. 209, 119 So. 147; Youngblood v. Colfax Motor Co., 12 La. App. 416, 125 So. 883; Purvis v. Ware Construction Co., 5 La. App. 684; Dennis v. Fortuna Oil Co., 5 La. App. 709; Bailey v. Gulf Refining Co., 17 La. App. 43, 135 So. 265. Did the plaintiff establish causal connection between the injury and the disability complained of?

The issue which we are called upon to decide in this case is whether or not the diagnosis of the plaintiff's condition, as shown by the certified copies of the Charity hospital reports introduced in evidence without objection and unsupported by any medical testimony of the doctors who made them, outweighs as evidence the testimony of defendant's medical experts, who diagnosed the plaintiff's trouble to be of a nature having no causal connection with the injury.

We are of the opinion that the greater weight should be given to the testimony of the two medical experts, who testified for the defendant that the present disability in no way grew out of the injury, because the shadows on the x-ray or skiagraph represent a bony growth on the cuneiform, caused by some focus of infection, and not a fracture of that bone. The doctor who read the skiagraph of the Charity hospital certifies in the report that, in his opinion, the shadows on the x-rays represent a chipped fracture of the cuneiform, a partial separation, and injury to the periosteum. The report does not give his reasons for coming to that conclusion. Since he was not produced in court, the record is barren of any explanation of the report.

We, therefore, conclude that the plaintiff has failed to establish causal connection between the injury and his disability, particularly in view of the fact that he bore the burden of such proof.

For the reasons assigned the judgment is affirmed.