## DOBY v. CANULETTE SHIPBUILDING CO., Inc.
### No. 1381.

Court of Appeal of Louisiana.
First Circuit.

June 30, 1934.

Frymire & Ramos, of New Orleans, for appellant.

L. V. Cooley, Jr., of Slidell, for appellee.

LE BLANC, Judge.

This is a suit for compensation brought by the widow of Dixie Doby, who, she alleges in her petition, met his death by accidental drowning while in the discharge of his duties and in the course of his employment as night watchman for the defendant company, on April 4, 1931.

The defendant is engaged in the shipbuilding business at Slidell, and plaintiff alleges that her deceased husband's duties included watching its barges, boats, dry dock, and other marine equipment, and particularly to see that none of his employer's barges, boats, or other equipment sank or became water filled.

Plaintiff alleges that defendant was duly notified and had knowledge of her husband's death, and that there was paid to her, as surviving widow, compensation under the provisions of the Workmen's Compensation Statute of Louisiana, section 8, subsec. 2, par. E (1) of Act No. 20 of 1914, as amended by Act No. 242 of 1928, p. 357, at the rate of 32½ per cent. of the average wages earned by him which was $1.65 per day. She avers further that without justifiable cause payments were discontinued and refused from and after December 8, 1932, and she accordingly prays for judgment for the full period of three hundred weeks' compensation from the date of his death, April 4, 1931.

The defendant filed a plea of prescription and its answer together. The plea of prescription is based on the ground that more than a year had elapsed between the date of the accident and the filing of the suit. The answer is in effect a denial that plaintiff's husband died as a result of an injury which happened while he was engaged in the course and scope of his employment and a special denial that it had ever paid his widow any compensation. It further pleads that plaintiff, by having looked to and accepted payments of compensation from the Union Indemnity Company, the carrier of its employer's liability insurance, is released and relieved from any liability whatever in the premises.

The lower court overruled the plea of prescription as it appeared from the testimony that the payments of compensation made to the plaintiff by the insurer had been made with the knowledge of and partly through the procurement of the defendant, that these payments had been made as late as December 8, 1932, and that under section 31 of Act No. 85 of 1926 (page 124), an amending act to the compensation statute of 1914, the prescriptive period did not begin to run until that date.

The section of the act referred to specifically provides that, where "payments have been made in any case, said limitations (the prescription provided for under the section) shall not take effect until the expiration of one year from the time of making the last payment." As the suit was filed July 20, 1933, a little more than seven months only after the date of the last payment, the court was undoubtedly correct in overruling the plea of prescription.

The lower court also held that, by having looked to and accepted payments of compensation from the insurer, plaintiff did not thereby release the defendant from its direct obligation to pay her, for the reason again that, in obtaining these payments, she had received the assistance of the defendant, who had directed her to address herself to its insurer, and because also, under section 23 of the amending Act No. 85 of 1926 (page 124), the agreement under a policy of insurance between the insurer and an employer creates a direct obligation by the insurer to the person entitled to compensation and does not have the effect of releasing the employer from payment on its default. That ruling was also correct, and is not seriously complained of by counsel for the defendant.

On the merits of the case, the trial judge found that plaintiff had failed to make proof of the one essential allegation of her right to recover, namely, that her husband had died by accidental drowning while in the course of his employment, and he accordingly rejected her demand and dismissed her suit as in case of nonsuit. From that judgment she has appealed.

On the evidence adduced, it is absolutely impossible to hold that the district judge has committed error in his finding on this question of fact. Counsel for plaintiff urge very strenuously that from the payments made by the insurer, and which defendant assisted plaintiff in procuring, there arises a circumstance which, taken in connection with the other testimony in the case, is sufficient to establish her claim to the compensation demanded. The argument made might have had some weight in a case arising prior to the amendment of the compensation statute by Act No. 85 of 1926. But it is entirely brushed aside by the latter act, section 18 (page 122), subsec. 5, of which provides that: "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation under this act." See Foret v. Paul Zibilich Co., Inc., 18 La. App. 363, 137 So. 366.

The payments made in this case, even though procured in some measure, through the assistance of the defendant, cannot be taken into consideration in passing on the question of the latter's liability, and plaintiff has to depend on what proof she was otherwise able to submit in support of her claim.

Unfortunately for her, however, she has been unable to produce a single witness who was present when her husband drowned, and, as far as the record discloses, no one knows what he was doing at the time and how it happened. The mere fact as testified

to by her that he left home that evening at the usual hour to go to work may create a reasonable presumption that he was at work and that he may have been engaged in some of the duties which she alleges in her petition made it necessary for him to be in and around the barges and boats at the time, but a presumption of that character does not constitute proof by any means, even in compensation suits which it has been held a number of times present no exception to the general rule that a plaintiff, in order to recover, must make out his case to a legal certainty. Haddad v. Commercial Truck Co., 150 La. 327, 99 So. 666; Piske v. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734; Boudreaux v. Rossen, 19 La. App. 188, 139 So. 706; Bernard v. City of Lafayette, 15 La. App. 572, 132 So. 395; Tullis v. United Carbon Co. (La.App.) 142 So. 307. We are absolutely convinced of the correctness of the judgment appealed from in this respect.

We are asked, in the event we should reach the same conclusion as did the trial judge on the facts in the case, not to affirm the judgment of nonsuit, but to remand the case to the lower court for further evidence on the question as to whether the decedent met his death while engaged in the course and scope of his employment. It is our impression that the judgment of nonsuit was in itself a rather liberal one considering the entire lack of proof on this point. The only difference we can think of between a nonsuit and a remand of a case ordinarily is with regard to the costs involved in bringing a new suit. But in this case the plaintiff was permitted to file and prosecute her suit in forma pauperis, and therefore has suffered no loss whatever. Besides, there is no suggestion or intimation save the statement in her counsel's brief that she has discovered and has at hand further testimony to adduce on this important point which it is necessary for her to prove in order to establish her case. There is no doubt as to our right to remand the case if, on motion properly made, or on some showing from the record, such proceeding seems to be justified. This court adopted that course in the case of McDaniel v. Roseland Box Co., Inc., 136 So. 752. On the other hand, it denied a motion to remand in the case of Boykins v. Hartford Accident & Indemnity Co. (La. App.) 149 So. 889. In this case there appears nothing from the record which would justify a remand, and, in the absence of anything more than the mere statement of counsel in brief that it should be remanded for further proof with no showing whatever that further proof is available, we do not see what good would be accomplished by granting the request.

We believe that the ends of justice have been served by the judgment of nonsuit, which is hereby affirmed.