HARDY, Judge.
This is a compensation suit in which plaintiff claims total and permanent disability resulting from injuries sustained in an accident while in the employ of defendant. After trial there was judgment in favor of plaintiff at the rate of $30 per week for a period not exceeding 300 weeks, from which judgment defendant has appealed. Plaintiff answers the appeal, seeking amendment of the judgment by extending the period of disability to one not exceeding 400 weeks.
The facts of the accident are undisputed. On or about December 12, 1950 plaintiff, who was employed as a mule driver by a logging contractor, under employment of defendant corporation, was .engaged in driving a team of mules, skidding a log, in a timber operation in De Soto Parish. The log became entangled in a group of trees and snapped back in such manner as to strike plaintiff on the back of the legs, knocking him down. In falling plaintiff’s back struck the log causing injuries to the muscles, bones, nerves, tendons and tissues of the lower back region, as the result of which he claims to be totally and permanently disabled.
The record discloses that on a previous occasion, in or about the month of July, *915 1946, plaintiff, while in the employ of this defendant, had sustained an accident which resulted in serious injuries, principally in the pelvic region. Plaintiff was hospitalized for a considerable period of time and received compensation during his period of disability in a total sum of $2,540. Defendant here claims that any disability from which plaintiff now suffers is a residual result of the injuries sustained in the accident of July, 1946, and has no connection with the accident of December 12, 1950. This contention tenders the major issue which is presented for determination.
The record comprehends the detailed and extensive testimony of five medical experts. The plaintiff tendered the testimony of Dr. O. L. Sanders, a general practitioner, and Dr. C. V. Hatchette, an orthopedic specialist. The testimony of these experts was countered on behalf of defendant with the testimony of Dr. H. P. D. Curtis, a general practitioner, Dr. Ford I. Macpherson, an orthopedic specialist, and Dr. J. C. Willis, Jr., surgeon and diagnostician. The testimony of these witnesses for the respective parties litigant is sharply conflicting. We think no useful purpose would be served in attempting a detailed analysis of the testimony of the medical witnesses. It suffices for us to state that Drs. Sanders and Hatchette reached the conclusion that any disability which plaintiff suffered was attributable to the accident of 1946 and not to the back injuries suffered in 1950, which they considered to be of a somewhat minor nature. Dr. Willis in particular testified that after long treatment of plaintiff’s pelvic injuries he never did think that plaintiff was completely recovered. The weight of the testimony of these witnesses is considerably lessened by the showing that plaintiff had engaged in hard physical labor for a considerable period of time prior to the 1950 accident which is the 'basis of this suit, and that he was regarded by his employers and fellow workers as an able and satisfactory workman.
Dr. Macpherson expressed the opinion that plaintiff was not disabled as a direct result of injuries to his back but that he was disabled because of an hysterical state, or, as he described it, a “fixation”. In this connection it is noted that Dr. Mac-pherson testified positively that such a disability was quite real, was not faked, and its effect was as completely disabling as if serious physical injuries existed.
We note that counsel for defendant in brief complains of the testimony of this witness, who was called on behalf of defendant, on the ground that its effect was an enlargement of the pleadings. This position may be correct but such enlargement came about from the testimony of the defendant’s witness, which line of testimony was developed by defendant’s counsel, and, accordingly, he cannot now be heard to complain.
We think the jurisprudence of our State is now well established on the point that disability is compensable even though it results from hysteria and not directly from physical injury. Peavy v. Mansfield Hardwood Lumber Co., La.App., 40 So.2d 505, and cases cited therein.
In view of the conflict in the medical testimony it is proper that the court give serious consideration to the testimony of lay witnesses. A number of such witnesses were introduced on behalf of plaintiff and their testimony is definite and positive as to plaintiff’s disability.
On the whole we are thoroughly convinced, as was the District Judge, of the fact that -at the time of trial plaintiff was completely disabled as the result of injuries sustained in the accident of December, 1950. However, we are further convinced, again in complete agreement with our brother of the District Court, that this disability is not of a permanent nature and that it will yield to' proper treatment and care. We think this conclusion is well established by the testimony of all of the medical experts.
The only other question bears upon the wage at which plaintiff was employed at the time of the accident. Plaintiff alleged and testified that he was paid $8 for three loads and that ordinarily he could make three loads per day. He further testified that he worked six days per week, weather permitting, The only attempt at controversion of this testimony *916 is found in the testimony of Hulen Hatcher, defendant’s contractor, in whose employ plaintiff was engaged. Mr. Hatcher’s testimony bears out plaintiff’s testimony as to the basis of wages of $8 for three loads, but the witness further testified that plaintiff did not make an average of three loads per day nor was he steadily employed for six days a week. However, Mr. Hatcher’s testimony was uncertain and unsupported by any records or time employment reports of any nature which it would appear might have been easily procurable. For this reason we do not think the testimony can avail over plaintiff’s positive and unequivocal contentions on this point.
For the reasons assigned the judgment appealed from is affirmed at appellant’s ■cost.