FRUGÉ, Judge.
This is a workmen’s compensation suit brought by plaintiff-appellant, Joseph Bel-lard, for total and permanent disability as a result of an accident which allegedly occurred during the course and scope of his employment with Rice By-Products, Inc., of Crowley, Louisiana. The defendant-appellee is Aetna Casualty & Surety Company.
The plaintiff claims that he injured his back on August 19, 1960 while working for defendant’s insured, stacking sacks of rice. The lower court rendered judgment for the defendant and dismissed plaintiff’s case; from this judgment plaintiff appeals.
On the date of the trial stipulations were entered into indicating that the plaintiff-employee was earning wages which entitled him to compensation benefits at the rate of $27.30 per week and that under its obligation to the employee, Aetna Casualty and Surety Company paid such benefits from August 20, 1960, to and including October 7, 1960, which totaled seven weeks and amounted to the sum of $190.80. It was further stipulated that Aetna Casualty and Surety Company was to pay all medical expenses incurred for the treatment of the employee’s alleged injury.
The only question that was presented to the trial court for determination was whether or not the plaintiff was suffering from any disability which would entitle him to benefits over and above those benefits previously paid by Aetna Casualty & Surety Company on behalf of its insured, Rice By-Products, Inc.
Plaintiff’s evidence, in addition to the testimony of plaintiff, consisted entirely of the testimony of Telesse Beverly and Dr. F. L. Johnson; defendant’s evidence was furnished entirely by Dr. William L. Meu-leman and Dr. H. L. Gardner, Sr.
The plaintiff alleges that on August 19, 1960, while working for defendant’s insured, a stack of rice sacks fell and enveloped him, and that he was rendered unconscious; that on the afternoon of the accident he went to see Dr. H. L. Gardner who examined him, caused an x-ray picture to be made of the area of complaint, then strapped him and later administered heat treatments for several weeks. The plaintiff further alleges that since Augmst 17th he has suffered pain in his shoulder, lower back, and that he experiences frequent incidents of headaches which render him incapable of performing the type of common labor which he previously was capable of performing.
Testifying for the plaintiff, Telesse Beverly stated that although he had never worked with plaintiff, he has known plaintiff for seven or eight years and has been living in the same house as plaintiff for three or four years; that he remembers the occasion upon which plaintiff came home “hurt”; that prior to the accident plaintiff appeared physically able to work but since the accident he does not appear physically *348 able to do the work that he previously performed.
Dr. Johnson, a general practitioner from Crowley, examined the plaintiff three days before the commencement of the trial. This medical authority called on behalf of plaintiff was very guarded in his testimony, and expressed no opinions confirming a disability at the time of his examination; after reading and studying Dr. Johnson’s testimony, we can not conclude therefrom supporting evidence of plaintiff’s contention of disability as of the date of examination.
Defendant insurer offered the testimony of Dr. Gardner and Dr. Meuleman. Dr. Gardner stated, in contradiction to plaintiff’s testimony, that he had examined plaintiff on the morning of August 19, 1960, and that he found no contusions or bruises on the plaintiff; that plaintiff had given him a history of a sack of rice falling on his left shoulder; that plaintiff’s complaint at that time was pain in the left shoulder. Dr. Gardner saw the plaintiff on frequent visits between the period of August 19, 1960, the date of the accident, until the 23rd of September, 1960, at which time he referred plaintiff to Dr. William L. Meule-man, an orthopedic specialist, for consultation and evaluation. It is noteworthy that Dr. Gardner was unable to find objective findings of the numerous complaints, which varied during the period of time that this doctor treated and observed the plaintiff. The purpose in referring plaintiff to Dr. Meuleman was not to confirm findings of this doctor, for the reason that the doctor was of the opinion that plaintiff was capable of returning to his former employment; the referral was made for the purpose of evaluating the numerous objective complaints of the plaintiff. Dr. Meuleman saw plaintiff on two occasions, the first being on September 27, 1960, and the second examination on the 14th of November, 1960. In his testimony Dr. Meuleman concluded that the plaintiff had fully recovered and was capable of returning to his former employment as of September 27, 1960.
In Johnson v. Cloud, 125 So.2d 478, 482, the Court of Appeal, Third Circuit, said :
“The jurisprudence of this State has. been established to the effect that in a compensation case, as in other cases, plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Burk v. Gulf Refining Co. of Louisiana, La.App. 1936, 171 So. 135; Dours v. Travelers Ins. Co., La.App.1950, 48 So.2d 817; Caldwell v. Caldwell, La.App.1950, 55 So.2d 258; Roberts v. M. S. Carroll Co., La.App.1953, 68 So.2d 689, 693.
“In Roberts v. M. S. Carroll Co., supra, for example, the Court of Appeal, Second Circuit, said:
“ ‘Under the circumstances, and in view of the even balance as between the evidential support of the opposing contentions of plaintiff and defendants, we can only conclude that plaintiff failed to support his claim by the requisite preponderance of the evidence. The most that could be said in support of plaintiff’s position is that he has succeeded in establishing a possibility of disability resulting from the accidental injury. The jurisprudence of every appellate tribunal of this state has-incontrovertibly established the rule-that the plaintiff in a compensation case, as in other cases, bears the burden, of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment. These principles have been stated, restated, iterated, reiterated, emphasized' and re-emphasized, in almost innumerable decisions, among which we mention only a few of the latest citations: He * * > «
The trial court, with written reasons, stated: “Plaintiff having failed by a. *349 preponderance of the unbiased medical testimony of three medical experts, one offered by plaintiff and two by defendant, in establishing disability as alleged in his petition, the court will therefore render judgment in favor of defendant, dismissing plaintiff’s demands at his cost.”
After reviewing all of the evidence in this case, we are convinced that plaintiff has failed to establish with reasonable certainty that he has been disabled at any time after compensation payments were discontinued, and the trial judge was correct in not permitting him to recover.
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.