147 So.2d 672 (1962)
Harold WARE, Plaintiff and Appellee,
v.
INDUSTRIAL TIMBER PRODUCTS, INC., et al., Defendants and Appellants.
No. 715.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1962.
Downs & Gremillion, by Field V. Gremillion, Alexandria, for defendants-appellants.
John P. Navarre, Oakdale, for plaintiff-appellee.
Before FRUGÉ, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is a suit for workmen's compensation benefits in which plaintiff alleges that he is totally and permanently disabled as the result of an accident which occurred on February 1, 1961. After trial of the case on its merits, the trial judge apparently found that plaintiff was totally and permanently disabled, and accordingly, judgment was rendered in his favor, awarding him compensation at the rate of $31.50 per week for a period not to exceed 400 weeks, and the additional sum of $755.35 as medical expenses. Defendants have appealed from that judgment.
The record shows that on February 1, 1961, and for several years prior thereto, *673 plaintiff was employed as a laborer to do heavy work, consisting principally of cutting and loading heavy pieces of pulpwood on trucks. On that date he slipped and fell while lifting a heavy piece of pulpwood, and as a result of that fall he sustained an injury to his back. He contends that because of that injury, he has been unable to do any heavy work since that time.
The parties have stipulated that the rate of compensation due plaintiff, if any compensation is due at all, is $31.20 per week, and that compensation was paid to plaintiff from February 1, 1961, through May 30, 1961. They have stipulated further that the only issue presented on this appeal is whether or not plaintiff has been disabled since May 30, 1961, and if so, the extent of that disability.
The evidence shows that plaintiff was treated by Dr. P. M. Davis, Jr., an orthopedic surgeon, from the date of the accident until February 6, 1961, and he was examined again by that doctor on April 7, 1961. Dr. Davis found that plaintiff had sustained a back sprain as a result of the accident, and although he originally felt that plaintiff could return to work on February 6, he concluded after the last examination, made about two months later, that plaintiff could do only light work at that time and that he was disabled from doing any heavy lifting or extremely strenuous work.
Plaintiff has been treated by Dr. Don R. Vesley, a general practitioner, since February 7, 1961, and was still under the treatment of that physician at the time of the trial. Dr. Vesley testified that in his opinion plaintiff sustained a herniated disk injury as a result of the accident, that he has been totally disabled from performing manual labor since the injury was sustained and that the disability will continue unless and until it is corrected by major surgery.
The record also contains the testimony or reports of four other medical experts who examined plaintiff. Dr. George P. Schneider, an orthopedic surgeon, examined plaintiff on March 28, 1961, and concluded that as a result of the accident plaintiff had sustained a lower lumbar injury consisting of a mild fascial tear at the fourth lumbar segment with the possibility of a disk injury. He testified that in his opinion plaintiff was disabled from performing manual labor and that he was uncertain as to how long this disability would last. Dr. Daniel M. Kingsley, an orthopedic surgeon, examined plaintiff on May 13, 1961, and concluded that he had recovered from his injuries and was able to return to his former employment at that time. In this examination Dr. Kingsley found no objective evidence of disability, except a small degree of scoliosis, and he testified that plaintiff's responses to various tests administered to him were not consistent and indicate that he does not suffer the pain or have the disability of which he complains.
Dr. Heinz K. Faludi, a neurosurgeon, examined plaintiff on July 14, 1961, and Dr. Frederick C. Boykin, also a neurosurgeon, examined him on September 8, 1961. Neither of these doctors testified at the trial, but pursuant to a stipulation of counsel, a written report from each was filed in evidence. Dr. Faludi stated that in his opinion plaintiff had sustained an injury to the low back and that "the possibility of a herniated disk is suspected," and that he has "a few neurological findings which are compatible with the possibility of a herniated disk, although the picture is definitely not clear-cut." He recommended that a my-elogram be performed. Dr. Boykin found a slight reduction of the left ankle jerk, and although he concluded that plaintiff may have sustained a moderately severe lumbosacral sprain as a result of the accident, he did not feel that "there is clinical evidence to indicate disk pathology at this time." No opinion was expressed by either Dr. Faludi or Dr. Boykin as to whether plaintiff was or was not able to perform heavy manual labor. Considering the reports as a whole, however, we have the impression that Dr. Faludi feels that there is enough indication of a herniated disk injury *674 to justify the performance of a my-elogram, while Dr. Boykin feels that plaintiff has completely recovered.
Plaintiff was hospitalized on at least six different occasions for treatment of this injury, the first occasions being in the St. Francis Cabrini Hospital in Alexandria from February 1, to February 6, 1961, and in the Hargrove Clinic in Oakdale from February 7, to February 16, 1961. The last period of hospitalization was in December, 1961, when he was treated for one week. He was placed in traction for several days on at least two of these visits to hospitals, and his treatment otherwise consisted principally of sedatives and heat therapy.
The testimony of the medical experts convinces us that after the accident plaintiff developed slight atrophy of the calf and thigh of the left leg, and also decreased ankle jerk and knee jerk of the left leg. According to the doctors who testified, we interpret these as being objective symptoms which tend to support the diagnosis that plaintiff sustained a disk injury.
The lay evidence establishes that plaintiff, a 26-year-old man, had been employed and had performed heavy manual labor for a period of approximately seven years before this accident occurred. He had a good work record, and prior to the accident he did a great deal of hunting and fishing. He has a family consisting of a wife and five children, all of whom are dependent upon him for support. Although he worked regularly and provided adequately for his family before the accident, he has performed no work of any kind and has done no hunting and fishing since the accident. He has expressed his willingness to submit to a my-elogram, as recommended by some of the examining physicians, but apparently that type of surgical procedure has never been tendered to him. He has never claimed or received compensation payments for an alleged injury prior to this time.
Defendants contend that plaintiff has not established his claim by a reasonable preponderance of the evidence, and accordingly, that the trial court erred in concluding that he was permanently and totally disabled and in rendering judgment based on that conclusion.
It has been held repeatedly that in a workmen's compensation suit, as in other civil cases, the plaintiff must bear the burden of proof, and he is required to establish his claim by a preponderance of the evidence and to a legal certainty. Bellard v. Aetna Casualty & Surety Company, La.App. 3 Cir., 134 So.2d 346; Meshell v. Sabine Lumber Company, La.App. 3 Cir., 137 So.2d 70; and Johnson v. Cloud, La. App. 3 Cir., 125 So.2d 478 (Cert. denied). The jurisprudence of this state also is settled to the effect that where there is a conflict of medical testimony on a medical question, it is proper for the court to give serious consideration to the testimony of lay witnesses. Rutherford v. Frost Lumber Industries, La.App. 2 Cir., 57 So.2d 914; Vidrine v. Employers Mutual Liability Insurance Company of Wisconsin, La.App. 1 Cir., 103 So.2d 292.
Since there is a conflict in the medical testimony, we think it is proper to consider the lay evidence. In our opinion, the lay evidence strongly supports the testimony of Dr. Schneider and Dr. Vesley to the effect that plaintiff has been disabled since the date of the accident. His work record, his presumed desire to provide for his family, the fact that he has not worked or attempted to engage in his favorite forms of recreation since the accident occurred and his willingness to submit to a my-elogram, all indicate to us that he is not feigning disability and that his complaints are genuine. After considering all of the evidence, we are convinced that plaintiff has been disabled from performing heavy manual labor since the date of the accident, that he was still disabled at the time of the trial and that it is uncertain as to when he may recover. Under those circumstances, we think the trial court correctly concluded that compensation should be awarded for a period not to exceed the maximum number *675 of weeks prescribed for permanent disability. Peavy v. Calcasieu Paper Co., La.App. 1 Cir., 70 So.2d 755; Delouche v. City of Monroe, La.App. 2 Cir., 84 So.2d 259; Thomas v. Crown-Zellerbach Corporation, La.App. 1 Cir., 101 So.2d 478; Aymonde v. State National Life Insurance Company, La.App. 3 Cir., 138 So.2d 460.
The trial court awarded plaintiff compensation at the rate of $31.50 per week, although the parties stipulated at the time of the trial that the weekly rate should be $31.20. Also, we notice that the judgment of the trial court fails to give defendants credit for compensation paid from the date of the injury to and including May 30, 1961. We think the judgment should be amended to provide for the correct rate of compensation and to allow this credit.
For the reasons herein set out, the judgment appealed from is amended by reducing the rate of compensation therein provided from $31.50 per week to the sum of $31.20 per week, and allowing defendants credit for compensation paid at that rate from February 1, 1961, through May 30, 1961. The judgment of the trial court, as herein amended, is affirmed. All costs of this appeal are assessed to defendants-appellants.
Amended and affirmed.