Plaintiff seeks compensation for total permanent disability under the workmen's compensation laws of Louisiana, Act No. 20 of 1914, LSA-R.S. 23:1021 et seq., as amended, particularly by Act No. 532 of 1952, under which amendment compensation is now recoverable for disability resulting from certain specifically designated occupational diseases, among which is included "dermatosis."
The defendant partnership and the individual members who compose it have, for a great many years, been engaged in the operation of a large number of taxicabs and "for hire" automobiles, and, for more than seventeen years prior to the occurrences with which we are concerned, had employed the plaintiff as an automotive electrician. In his work plaintiff was required to clean various parts of automobiles which were undergoing repairs and in doing this necessarily used various kinds of detergents or cleaning liquids or compounds and, for approximately the past ten years, many times each day, found it necessary that his hands and arms come into contact with one of the detergents most frequently used and known as Varsol.
It is the contention of plaintiff that, as a result of this frequent use of Varsol, his hands and arms and even his neck developed a rash which has been diagnosed as dermatitis, and that, although at the time of the *Page 570 
filing of this suit and at the time of the trial in the District Court, he was not actually disabled as a result of this affliction, his skin, because of frequent contact during the past years with Varsol, developed an antithesis or allergy as a result of which it is apparent that, if he again allows his hands or other parts of his body to come into contact with this or any similar detergent, dermatitis will again make its appearance and total disability will result.
Defendants admit that plaintiff was disabled as a result of an attack of dermatitis but it avers that there is no reasonable certainty that this affliction will again make its appearance even if plaintiff uses Varsol, and they further contend that even if it could be made certain that future contact with this detergent would again produce dermatitis, it is made clear from the record that the susceptibility of plaintiff's skin to dermatitis does not result from past contact with Varsol, however frequent that contact may have been, but is due to a most sensitive skin condition from which plaintiff has always suffered and which has become accentuated or aggravated not as the result of contact with Varsol but as the result of advancing age.
There was judgment in the Civil District Court for the Parish of Orleans in favor of plaintiff for total permanent disability, and defendant has appealed.
In the first place it should be noted that defendant makes no point of the fact that the statute as amended specifically includes "dermatosis" as one of the occupational diseases for which compensation is allowed, whereas plaintiff's claim is based on "dermatitis." Whether we are correct or not in our interpretation of the difference between the two is unimportant, but, as we understand the experts, dermatosis is a condition which renders the sufferer susceptible to dermatitis, whereas dermatitis is the inflamed condition which results when the person who suffers from dermatosis comes into contact with some liquid or compound or chemical which activates the dermatosis and produces dermatitis.
The plaintiff admittedly suffered from a disabling attack of dermatitis which commenced at sometime in the Fall of 1952, and which resulted in disability until August, 1953. For this disability plaintiff admittedly received full compensation.
There is no doubt that since that time there has been no recurrence. Even Dr. Barrett Kennedy, the dermatologist, — admittedly an expert — placed on the stand by plaintiff, was asked whether there were "any indications of it (dermatitis) at all on his arms" and he answered, "Not that I could see."
On the other hand, however, the record shows that during the year 1942, some ten years earlier, plaintiff suffered from a mild attack of dermatitis, and it also shows that prior to this final attack he had been disabled on three occasions, from November 22d 1952, to January 4, 1953, from March 25, 1953 to April 7, 1953, and from May 30, 1953 to August 8, 1953. On each occasion he had been treated for dermatitis, the condition had cleared up and he had returned to work.
The record shows, and there can be no doubt at all about this, that plaintiff had always suffered with a very sensitive skin which, by its very nature, has always been subject to such external influences much more than is a normal skin.
The several dermatologists who testified all said that he suffered from such a sensitive skin and it is made clear that such sensitivity became greater with the passage of years and that therefore, as a result of plaintiff's increasing age, this sensitivity has increased.
It seems to be the consensus of opinion of the experts that should the plaintiff return to any sort of work which would require that he come into contact with such a detergent as Varsol, he would probably again suffer from dermatitis with the same disabling effect.
We think that the record shows that plaintiff is not now suffering from what may be termed an allergy caused by contact. *Page 571 
If by allergy is meant a condition adversely affected by contact with such a liquid as Varsol, then he may be suffering from such an allergy, but if so, the allergy itself was not the result of contact but was a condition which existed always as the result of the sensitivity of his skin.
In a supplemental brief counsel for plaintiff gives certain definitions of "allergy", among which we find the following:
 "A physical condition such that an individual is affected by some substances harmless to a majority of other individuals."
If that definition be applied, we find that plaintiff did suffer from an allergy in which his physical condition was such that he was "affected by substances harmless to a majority of other individuals." However, the physical condition which made him susceptible did not result from contact with Varsol or other detergents but existed prior to the commencement of the work which brought him into contact with them. This condition, which always existed, is the same now as it was originally, except that the sensitivity has been increased with increasing age.
It seems almost certain that if his sensitivity to dermatitis resulted from the use of Varsol and not from his advanced age, he would have been affected within a reasonably short time after he commenced the frequent contact with Varsol, and yet, except for a rather slight attack in 1942, he was not affected for almost ten years. We repeat that he is not now suffering from dermatitis and there is no certainty that he would again suffer if he should return to the same kind of work.
The record convinces us that, after the last attack of dermatitis cleared up, he suffered no residual and that the condition in which he now is, except for his advanced age, is just what it was prior to the last attack.
We well realize that it is well settled that if an employee becomes disabled as the result of an accident which accentuates or activates a pre-existing condition, he should be awarded compensation for such disability as results from the accident regardless of the fact that, but for his previous condition, he may not have been disabled at all. That rule is not applicable here, for here at the present time there is no disability and if plaintiff is susceptible to further attacks his susceptibility has not been increased by the attack which disabled him for a time and for which disability he has received compensation.
The significant fact is that the doctors agree that the last attack of dermatitis did not increase the sensitivity and that after it had been cured he was and is now in the condition in which he was prior to the attack.
Dr. Lee D. McLean, who testified on behalf of defendant, gave the following testimony:
 "Q. Would you say that his skin is, except for a few additional years that have been added, in as good a condition as it was before the dermatitis in 1952 set in? A. Yes, I do not think that he has any permanent effect from the dermatitis that he has had."
Dr. Barrett Kennedy, the expert placed on the stand by plaintiff, said:
 "* * * he came in with an eruption and we cleared it up. As far as a recurrence and so forth, I could not say whether re-exposure to the same elements would cause a recurrence of his rash."
He was asked whether, at the time of the trial, there was any evidence of the condition and he answered:
 "* * * I would say he has not any evidence of the eruption at the present time."
If the plaintiff was disabled as a result of dermatitis and the dermatitis resulted from contact with Varsol, he would be entitled to compensation during the period of disability and his right to compensation would, in no way and to no extent, be affected *Page 572 
adversely by the fact that, except for the unusual sensitivity of his skin, he would not have been affected by such contact, for in that case it would have been proper to apply to occupational disease cases the rule which, in other compensation cases, is well established and under which it is settled that if disability results from accidental injury, the right to recovery is not affected adversely by the fact that, but for the prior condition of the claimant, the accidental injury might not have caused disability. This rule applies very frequently in cases in which the prior condition is lighted up or aggravated by an accidental injury. The applicability of this rule to a claim for disability resulting from dermatitis is discussed in a very recent decision of the Supreme Court of Wyoming in Wright v. Wyoming State Training School, 71 Wyo. 173,255 P.2d 211, 217. There, as here, the claimant had always been a sufferer from a very sensitive skin and, as a result of occupational contact with certain medicines, she suffered dermatitis and was disabled. The Court said:
 "* * * the right of compensation does not rest on the condition and health of the employee or his freedom from liability to injury through constitutional weakness or latent tendency, but the hazard of the employment acting upon the particular employee in his then state of health is compensated without distinction between employees as regards their state of health. * *"
But the situation here is different because the plaintiff here is not claiming compensation for the period of actual disability. That compensation has in fact been paid. He is claiming not that he is disabled, but that his susceptibility to dermatitis has been caused by occupational contact with the detergent, and we think that it has not been so caused. It resulted from a congenital condition of his skin and therefore cannot be said to have come about "as a result of the nature of the work performed", as is required by the occupational disease amendment of the compensation law, LSA-R.S. 23:1031.1.
The judgment appealed from is annulled, avoided and reversed and plaintiff's suit is dismissed at his cost.
Reversed.