REGAN, Judge.
Plaintiff, Armand George Olivier, Jr., a plasterer’s apprentice, instituted this suit against his former employer, Charles X. Miller, and his insurer, Liberty Mutual Insurance Company, endeavoring to recover maximum workmen’s compensation benefits for having incurred dermatitis, which he asserts is an occupational disease contracted during the course of his employment while working with cement and other materials normally used in the plastering trade.
Defendant Liberty Mutual Insurance Company answered and admitted the employment of plaintiff, but denied that the dermatitis was either caused or aggravated by his employment.
From a judgment dismissing his suit, plaintiff has prosecuted this appeal.
The record reveals facts which are relatively simple and undisputed. Plaintiff, age 20, was employed as a plasterer’s apprentice in January 1957. The nature of the trade required physical contact with wet mortar, plaster, cement and acoustical material. In November of 1958 a rash and severe itch developed on his hands which became progressively worse, and eventually open sores resulted therefrom. The irritation spread to his arms and neck. He then consulted several doctors and their treatment did little to alleviate the condition. Finally, in *180 February 1959 the employer sent plaintiff to Dr. David F. Bradley who performed a patch test on his skin which reflected a positive reaction to potassium dichromate, a chemical contained in cement. The diagnosis was “contact dermatitis due to the cement”. Plaintiff was advised to terminate his employment and did not work as a plasterer again until July 1959, when he was forced to discontinue this occupation because of the reactivation of the dermatitis, even though he worked at that time for only two days.
Plaintiff related he had never had contact with plaster or cement before working for defendant Miller; Dr. Bradley testified he considered plaintiff’s skin to be normal, except for the dermatitis, and that he did not have a congenitally sensitive skin. In commenting further, Dr. Bradley explained dermatitis results from local or external manifestations and from toxic or systemic manifestations; the pattern of the dermatitis usually provides a clue as to the external or internal causation of the illness. He was of the opinion that plaintiff’s condition was caused by an external irritant and asserted that it was probably due to the susceptibility to dermatitis, or more concisely, the allergy existed before plaintiff was employed as a plasterer. Dr. Bradley conceded however that physicians know very little about a predisposition or susceptibility, that when one person develops a dermatitis where others do not, he is presumed to be predisposed.
In the last analysis Dr. Bradley emphatically expressed the opinion that if plaintiff returned to work in the plastering trade, the dermatitis would again become acute.
After leaving defendant Miller’s employ, plaintiff secured a job with the Palm Apartments as a gardener and at the time of the trial he was so employed.
There is thus posed for our consideration the question of whether an employee, who contracts a “contact dermatitis” in the course and scope of his employment and is cured thereof but is unable to again resume such work because of the reactivation of the dermatitis, is entitled to recover from his employer total and permanent disability compensation.
The answer to the foregoing question has been provided by the majority opinion in a relatively recent case[1] decided by this court in 1955, and in which the author hereof wrote a comprehensive dissent since he was convinced that the court had actually nullified the “occupational disease” section of the statute [2] insofar as it applied to dermatitis. In any event the dissenting opinion encompassed almost, if not all, of the arguments advanced on behalf of plaintiff by his counsel in this case.
In that case, which we believe to be the guide to the conclusion to be reached herein, the 67 year old plaintiff employee, an automotive electrician, related that he developed dermatitis as a result of using Varsol, a detergent furnished by his employer to clean various mechanical parts of automobile engines. He incurred a dermatitis of the hands, arms and neck. During the course of 17 years of employment, plaintiff was disabled on three occasions and after each extended treatment therefor, he was pronounced cured and fully able to resume his occupation. Medical evidence established that the plaintiff had an un *181 usually dry sensitive skin which had become thinner and more sensitive with his advancing years.
... The majority opinion m disallowing recovery of compensation for total and permanent disability reasoned thus:
“We * * * realize * * * it is well settled that if an employee becomes disabled as the result of an accident which accentuates or activates a pre-existing condition, he should be awarded compensation for such disability as results from the accident regardless of the fact that, but for his previous condition, he may not have been disabled at all. That rule is not applicable here, for * * * at the present time there is no disability and if plaintiff is susceptible to further attacks his susceptibility has not been increased by the attack which disabled him for a time and for which disability he has received compensation.
* * * * * *
“ * * * the plaintiff * * * is not claiming compensation for the period of actual disability. That compensation has in fact been paid. He is claiming not that he is disabled, but that his susceptibility to dermatitis has been caused by occupational contact with the detergent, and we think that it has not been so caused. It resulted from a congenital condition of his skin and therefore cannot be said to have come about ‘as a result of the nature of the work performed’, as is required by the occupational disease amendment of the compensation law, LSA-R.S. 23:1031.1.”
We have related elsewhere herein that a writ of certiorari was applied for in the above case and the Supreme Court therefore possessed the opportunity to fully evaluate the validity of the majority opinion and the dissent which it provoked. The writ was refused, thus the result reached therein was approved by the Supreme Court.
In consequence of what we have said hereinabove we are of the opinion that the rationale quoted from the Picquet decision fully encompasses the facts of this case.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Picquet v. Toye Bros. Yellow Cab Co., 1955, 77 So.2d 569, 571. Writ of certiorari refused, March 1955. See dissenting opinion, 77 So.2d 572.

. I/SA-R.S. 23:1031.1
“A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, * * * shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
“B. An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed. * * *
“(5) Dermatosis.”