TATE, Judge.
This is a workmen’s compensation suit. The plaintiff sues his employer and its compensation insurer. The claimant was awarded benefits for total and permanent disability. Consequently, the defendants appeal.
The plaintiff was a plasterer and cement worker of twenty-seven years experience. The virtually uncontradicted medical evidence shows that he is now disabled from following this skilled trade because of a sensitization to the lime component of cement and plaster. As a result, the claimant at once suffers from a rash of increasing and disabling severity upon attempting to work with these ingredients of his trade.
By their appeal, the defendants contend that the present disabling sensitization did not result from any exposure during the course of the plaintiff’s employment with the present defendant employer. Through their able counsel, defendants argue most forcefully that the plaintiff’s present condition is the result rather of multiple exposures throughout his long *863 working life with cement. The defendants thus contend that the claimant was already sensitized prior to a disabling acute incident at work for the defendant employer, so that he is now in the same condition following the subsiding of the acute symptoms from such incident, as he was prior to working for the present employer. In such event, the claimant is not entitled to compensation benefits. Picquet v. Toye Bros. Yellow Cab Co., La.App., Orl., 77 So. 2d 569.
The evidence shows: On July 10, 1961, the claimant went to work as a plasterer for the defendant employer The claimant was forced to work one morning and part of an afternoon on his side and back in a cramped place, during which time his clothes were saturated with plaster drippings. A skin reaction to his left arm, shoulder, and chest appeared during that day, of increasing severity and discomfort. After a day or so, the claimant reported to a physician, although the claimant did not cease working. However, the physician advised the claimant to cease working on July 14th because of the acuteness and pain of the manifestations of the cement dermatitis, treating him until August 4th, when the acute manifestations had subsided.
When the claimant attempted to return to work with cement a few weeks later, the dermatitis at once returned. The specialist who then examined the claimant felt that he was no longer able to return to cement and plastering work because he had become sensitized.
This specialist, as well as another who examined the claimant five months after the disabling attack of dermatitis, were definitely of the conclusion that the cause of the claimant’s present disabling sensitization was his prolonged contact with plaster for the half day during which his clothes had become saturated with drippings while he had worked on his back in the cramped space, assuming that the claimant had never before been subjected to such a massive exposure, (The evidence shows that the claimant had never before suffered such a prolonged and serious attack of dermatitis as this.)
The defendants, however, rely with some confidence on the testimony of another specialist, who conceded on his examination six months after the attack that, from the residual, the claimant must have sustained an acute dermatitis at the time of the July 10th incident, but who felt it more probable than not that the primary cause of this acute manifestation was a prior sensitization from multiple exposures over the claimant’s working life. The disabling sensitization thus did not result from the massive exposure to which the claimant had been subjected on his present job, in the opinion of this doctor.
In reaching this conclusion, the defendants’ specialist relied to some extent, as does the defendants’ able counsel, upon the circumstance that a general practitioner had treated the claimant for four prior attacks of dermatitis on his hands or forearms (in May, June, and July of 1958, and in June of 1959) and was of the opinion at the time that the claimant had already become sensitized to the extent that he should cease working with cement. (This physician said, however, that the claimant told him he was financially unable to quit his skilled trade, so the physician had advised him to use gloves and long sleeves in his work.)
The testimony of this general practitioner must, however, be evaluated in the light of several pertinent circumstances. For one thing, the temporary dermatitis on the hands which he noted, cleared up quickly after treatment. Further, as a lay witness called by the defendant admitted also, this arm rash was not severe enough to prevent the claimant from working (Tr. 230). Also, following the last of these non-disabling manifestations of a hand rash, the claimant was able to engage in cement work for nearly two years without a recurrence of the non-disabling derma *864 titis sufficiently serious to require medical attention.
On the other hand, the claimant’s condition after the very severe and acute dermatitis following his prolonged exposure of July 10, 1961, was substantially more serious. Following it, an attempt to work with cement immediately brought on a rash over his arms, with definite medical advice that he cease any further contact with cement work at once since further exposure would bring on painfully acute and disabling symptoms.
The objective residual of the July, 1961, attack was so pronounced, in fact, that a specialist who examined the claimant just before the trial, testified: “ * * * [I]n the state at which I saw him [five months after the attack], just overheating could make him break out, which would not be a re-exacerbation of a new dermatitis, but a re-exacerbation of his old dermatitis, his original [of April]. * ' * * If he would try to do any type of work that would cause overheating it would re-exacerbate his previous condition.” Tr. 69.
We think that the preponderance of the evidence supports the trial court’s determination that the claimant’s present disabling sensitization resulted from and did not pre-exist the July, 1961, incident of massive exposure and of acute dermatitis while he was working for the defendant employer. As noted earlier, all specialists testifying were of the definite conclusion that the claimant was disabled by reason of his present sensitization from returning to his skilled trade. These specialists further stated that the claimant’s sensitization was of indefinite duration and could last years.
We therefore affirm the trial court’s award of benefits for total and permanent disability. As stated in Aymonde v. State National Life Ins Co., La.App. 3 Cir., 138 So.2d 460, 464: “ * * * ‘where a claimant is shown to be totally disabled at the time of the trial and there is no evidence on which to fix a definite period for the duration of the disability, compensation should be awarded for the maximum period prescribed for permanent disability.’ ” See also: Ware v. Industrial Timber Products Co., La.App. 3 Cir., 147 So.2d 672.
As to the plaintiff’s answer to the appeal praying additionally for penalties for arbitrary non-payment of compensation, we likewise find no error in the trial court’s denial thereof. We cannot say that the defendants acted arbitrarily or so unreasonably as to justify penalties, since their non-payment of compensation was based upon non-frivolous medical advice that presently disabling symptoms had ceased and that the present disabling sensitization predated the claimant’s employment by the present employer.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.